STATE OF NORTH DAKOTA, Respondent, v. AUGUST WEST, Appellant.

(223 N. W. 705.)

Opinion filed February 19, 1929.

*Hugo P. Remington,* for appellant.

*George F. Shafer,* Attorney General, and *Charles S. Ego,* State's Attorney, for respondent.

BIRDZELL, J.   The defendant was convicted of the crime of grand larceny.   He subsequently moved for a new trial and appeals to this court from an order denying the motion.   In order to present the issues involved upon this appeal, an extended statement of the facts is not necessary.   Suffice it to say that in April, 1927, one Jens Johnson, the complaining witness, was the owner of some 93 head of Duroc Jersey hogs; that for some time prior thereto he had allowed the hogs to range at large.   They ran principally in two cornfields not far from the house, but occasionally some of them strayed greater distances.   He missed thirteen and made inquiry of his neighbors concerning them, inquiring particularly of the defendant who lived about a mile from the complaining witness.   Later Johnson went to the West place and identified four of the missing hogs.   He, accompanied by the defendant and four or five other persons, drove the hogs back to Johnson's place.   There is abundant evidence for the prosecution that the defendant denied that the hogs were Johnson's but that later, after an examination when Johnson found his ear marks upon the hogs and further evidence of recent attempts by some one to change those ear marks, the defendant had admitted the theft of the hogs and had become penitent.   The defendant, however, denies this.   One Duty who had lived upon the farm occupied by the defendant until about the first of March had occasion to return to the farm several times during the spring to get articles that he had left behind.   On one such occasion, on the 28th of April, he testifies to having gone into a lean-to to the barn for the purpose of obtaining a hog trough he had left there and found four hogs penned up in the lean-to.   The defendant was not at home at the time.

The first contention is that the court erred in dismissing the jury from the court room without giving them an admonition.   The record shows that at each intermission the court gave the jury the usual admonition, but error is predicated upon the following:   At the conclusion of the

state's evidence in the evening, the court admonished the jury and took a recess until nine o'clock the following morning. Immediately upon opening court in the morning, the state's attorney announced that the state rested, whereupon the defendant's attorney made known his desire to make a motion out of the hearing of the jury. The court then announced such fact to the jury and requested them to retire to the jury room and remain there until they were called. This was clearly not an adjournment of the court within § 10,858 of the Compiled Laws of 1913, which requires an admonition to be given at each adjournment.

It is next argued that the court erred in sustaining objections of the state to the offer of the defendant of the transcript of evidence taken at the preliminary hearing, and certain pages thereof, offered for the purpose of impeaching certain witnesses for the prosecution. The record shows that upon cross-examination of witnesses for the prosecution their disposition was to admit that they had testified substantially as indicated in the transcript as such questions and answers were brought to their attention. But even if it be assumed that impeachment would have been effected by the proof of evidence given upon the preliminary hearing, the transcript could not be used as original evidence of what was said by the witnesses upon the preliminary examination. So far as this question is concerned, it is immaterial that the witnesses did not sign the transcript, their signatures being waived. The certificate of the reporter does not make the transcript evidence. This is elementary.

It is contended that error was committed in allowing the state to prove, after the defendant had rested, that the defendant had broken jail, remaining away for some time, and was subsequently apprehended. There is obviously no error in this. Flight can be shown. There is no merit in the contention advanced that it can only be shown as a part of the main case. This is a matter lying largely within the discretion of the trial court.

It is next urged that the court erred in instructing the jury that if they should find beyond a reasonable doubt that the defendant West shut up the hogs in an inclosure that was under his exclusive control and dominion, that would be sufficient taking of the property to make the taking larceny if the taking were done with fraud or stealth and

with the intent to deprive the owner of his property in the hogs. As stated above, there was evidence that the hogs were seen in the inclosure that was under the control and dominion of the defendant. The mere fact that he was not home at the time they were thus seen is of no consequence. His temporary absence would not qualify his dominion and control of the premises.

There was clearly no error in referring to evidence with reference to alteration of the ear marks as tending to prove fraud or stealth. Neither is there merit in the criticism of the charge in this particular that it assumed the truth of testimony which the defendant denied. The charge was hypothetical.

A careful examination of the record shows that there was no error prejudicial to the defendant and that he has had a fair trial. The order appealed from is affirmed.

BURKE, Ch. J., and BURR, NUESSLE, and CHRISTIANSON, JJ., concur.