STATE OF IOWA, appellee, v. JOHN EVERETT JENSEN, appellant.

No. 48343.

(Reported in 66 N.W.2d 480)

October 19, 1954.

Bradshaw & Crawford, of Fort Dodge, for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, Dale D. Levis, County Attorney, Audubon County, and L. L. Ryan, Special Prosecutor, of Audubon, for appellee.

THOMPSON, J.—The grand jury of Audubon County on November 6, 1952, returned an indictment charging the defendant with the crime of breaking and entering the building occupied by the Iowa Liquor Store in Audubon on or about Septem-

ber 25, 1952, with intent to commit the public offense of larceny. Trial resulted in a jury verdict of guilty as charged, and defendant has appealed, assigning several alleged errors. It appears without dispute that on the night of September 25–26 the premises occupied by the store of the Iowa Liquor Commission in Audubon were burglarized and a considerable quantity of merchandise taken therefrom. Shortly thereafter the authorities discovered much of the stolen liquor in Webster County, and the State's evidence showed that it had been in the possession of the defendant immediately after the date of the breaking and entering. There was also evidence that a few days before September 25 defendant had told one Williams that he would have a load of liquor within a day or two, and they discussed the purchase of a part of it by Williams. We think the evidence need not be further detailed, except that it will be briefly referred to in discussing one of the errors assigned by the defendant. Most of the errors alleged are technical and do not turn upon the question of the sufficiency of the evidence.

I. The first contention of the defendant is that there was such misconduct of counsel for the State as to amount to a denial to him of a fair trial. It appears that upon cross-examination of the defendant he was asked if he had ever been convicted of a felony. The answer was in the affirmative; whereupon the cross-examiner asked: "And where?" Objection was made and sustained. Later, in connection with defendant's testimony that he had worked for one Bitner since July of 1952, at the latter's motel, he was asked by the State's counsel: "Does he [Bitner] operate a gambling establishment out there?" Objection was made and sustained. The defendant then testified, still upon cross-examination, that he had known Bitner about one year; that he first met him when Bitner was building a house. Then came the question: "It wasn't back around 1948 or 1949 that you became acquainted with him? A. No. * * * Q. Did you ever meet him in Fort Madison?" Objection was made and sustained. Later in the trial the court gave the jury an oral admonition concerning the latter question in these words:

"Ladies and gentlemen of the jury, as the defendant in the case gave testimony, one of counsel for the State asked him in substance whether or not he had met Mr. Bitner in Fort Madi-

son. The objection to the question was sustained by the Court. The question was not a proper question and you are to disregard the question entirely, pay no attention to it and divest your minds of any question or inquiry or suggestion that such a question may have been made; pay no attention to it whatever."

It is from these circumstances that counsel for defendant draw the conclusion, in which we are asked to concur, that their client was denied a fair trial because of prejudicial misconduct of the attorneys for the State.

While we have never held that the place of conviction of a felony is a proper subject for inquiry upon cross-examination of a witness who admits the conviction, we have held the number of convictions may be inquired into. State v. Hall, 233 Iowa 1268, 1271, 1272, 11 N.W.2d 481, 482; State v. Duncan, 233 Iowa 1259, 1263, 11 N.W.2d 484, 486; State v. Williams, 197 Iowa 813, 819, 197 N.W. 991, 994. It seems much more damaging to a defendant to show the number of convictions than in what court or what town or city they were incurred. Perhaps the place of conviction is immaterial, as the trial court evidently held in granting the objection; but we are unable to see where prejudice to the defendant arose from the mere asking of the question.

We agree that the questions concerning the operating of a gambling house by Bitner at his motel and whether the defendant had met Bitner in Fort Madison should not have been asked. Fort Madison is well known to Iowa citizens as the location of the state penitentiary, although it has other and more favorable distinctions. The inference that would commonly be drawn from the question asked would in all probability be that defendant and Bitner had become acquainted while serving sentences in the prison. But the court specifically admonished the jury to pay no attention to and draw no inferences from the question concerning the place of meeting. The trial court found no such prejudicial misconduct of the State's counsel as to require the conclusion that defendant had been denied a fair trial; and it has a considerable discretion in passing upon such matters.

In State v. Wheelock, 218 Iowa 178, 182, 254 N.W. 313, 316, we said: "The matter of granting a new trial for alleged

1368

misconduct of counsel and the many incidents that happen in the trial of a case is peculiarly within the discretion of the trial court."

■■ See also State v. Warren, 242 Iowa 1176, 47 N.W.2d 221; Connelly v. Nolte, 237 Iowa 114, 21 N.W.2d 311; and State v. Cooper, 169 Iowa 571, 151 N.W. 835. It is the sound reasoning of these and other Iowa cases that the trial court has before it the whole scene, the action and incidents of the trial as they occur, and is in a much better position to judge whether the defendant has been prejudiced by misconduct of opposing counsel, if there is such. It must be kept in mind that mere misconduct of counsel is not in itself sufficient to require a reversal of a judgment of conviction in a criminal case. The misconduct must have operated to the harm of the defendant; that is, to deny him a fair trial. The trial court occupies a position of vantage and is rightly given a considerable discretion in determining whether prejudice has resulted. It is not an unlimited discretion, and we have not hesitated to reverse where it has been abused. But we see no. abuse in the case before us.

■ II. The defendant also thinks certain remarks and suggestions of the court in connection with its rulings upon objections to questions propounded were improper and he assigns error thereupon. There were many exceptions taken to these statements of the court, and no useful purpose would be served in setting out the record concerning them. It will suffice to say that the court at no time expressed any opinion as to the weight of the evidence or the merits of the case. Indeed, at one point the court told the jury they should not construe a remark he had just made to counsel as an expression on his part as to what the decision on the facts should be.

Actually the remarks of the court all came in connection with rulings upon objections to evidence. They fell generally into two categories. Some were in explanation of the rulings made, and some defined the limits of the rulings and pointed out how far or in what manner the examination on the point involved might or might not be conducted. The trial court is not a mere umpire of the contest before him, confined to rulings required by objections or requests of counsel. It is his duty to

take part in the trial so that its orderly progress may be facilitated. The rule is thus stated in 23 C. J. S., Criminal Law, section 992:

"As a general rule, remarks made by the trial court while ruling on the admissibility and effect of evidence and the validity of objections thereto are not erroneous provided they are not unfair and prejudicial to accused. It is not improper for the court to make remarks in the presence of the jury, giving its reason for admitting or excluding evidence, or to state the purpose for which the evidence is offered or admitted; and ordinarily such remarks, without more, are not objectionable as comments, or the expression of an opinion, on the evidence."

We ourselves have held, in State v. Carlson, 224 Iowa 1262, 1267, 276 N.W. 770, 773, that a remark by the trial court that questions asked of a witness were very leading, but it would not object so long as opposing counsel did not do so, was not prejudicial error.

We find nothing improper in the remarks of the court in the instant case. They did not express the court's opinion as to the merits of the case and were evidently made to aid the progress of the trial. There was no error.

■ III. During the course of the arguments the court declared a recess, but failed to give the jury the admonition required by sections 780.21 and 780.22, Code of Iowa, 1950. The record shows that the jury was duly admonished at other times during the trial. In assigning error the defendant couples this failure to admonish with another alleged omission, that of complying with section 780.37, which provides for swearing the bailiff or other officer who has charge of the jury during its deliberations. The record made by the court shows that the bailiff in charge was a regular bailiff of the court, and that he was sworn as required by the latest cited statute within less than five minutes after the jury retired.

■ It is evident that each of these contentions of the defendant is extremely technical. Ordinarily technical defects in procedure do not call for reversal unless it appears they have in some way prejudiced the complaining party. We think that so far as the failure to admonish at the short recess taken during

the closing arguments is concerned the defendant's complaint is sufficiently answered by the statement that he did not see fit to call the court's attention to it at the time. It was first advised of defendant's claim of error in this respect in his motion for new trial, when it was much too late to be remedied. Nor are we prepared to say in any event that it is reversible error, in the absence of a showing of prejudice, to fail to admonish at each short recess. In addition, it has been held that a "recess" for a short period is not an "adjournment" within the meaning of the statute. State v. West, 57 N. D. 652, 223 N.W. 705; People v. Draper, 28 Hun 1, 3, 1 N. Y. Cr. R. 138, 141.

In connection with the alleged failure to administer the oath to the bailiff, the record as made by the court upon complaint of defendant's counsel shows that, apparently at the time the officer was sworn "the jury has been out of the courtroom three minutes." It seems to have been the thought of counsel some harm resulted from the failure to send the jury out with a sworn officer because the sheriff and others were engaged in carrying a considerable quantity of packages of liquor which had been introduced into evidence in the case into the jury room while the jury was filing in. But the court said for the record that this had been done before the jury entered the room. In any event, failure to swear the officer in charge of the jury, while mandatory, is not a ground for a new trial nor is it reversible error when no resulting prejudice is shown. State v. Foster, 136 Iowa 527, 534, 114 N.W. 36, 38, 39; State v. Crafton, 89 Iowa 109, 120, 56 N.W. 257, 261.

▬ IV. Next complaint is made that the court failed to tell the jury in its instructions that the fact one Williams, a witness for the State, admitted he had been convicted of a felony might be considered as affecting his credibility. It is pointed out that the court did tell the jury defendant's admission of previous conviction might be considered, with other facts in the case affecting his credibility so that they "should give his testimony such credit as you deem it fairly entitled to. However, evidence relating to the defendant's prior conviction of a felony is not to be considered by you as evidence tending to connect the defendant with the commission of the offense here charged

\* \* \*." The court did not tell the jury it should discredit defendant's testimony, and the major effect of the instruction seems to have been favorable to defendant, in that it gave a clear admonition that the previous conviction of a felony should not be considered as evidence of his guilt in the case at bar. But defendant urges that since the instruction was given relative to the defendant it should also have been made to apply to the State's witness who admitted a previous conviction.

We think the rule long adopted and often repeated, that ordinarily the defendant in a criminal case who wishes a specific instruction upon a certain feature of the case must request it and if he fails to do so he is foreclosed from asserting error, is applicable here. It may well have been that if the matter had been called to its attention the pertinent part of the instruction would have been made applicable to the witness Williams as well as to the defendant. It is sound law and logic that a party may not sit by and permit the court to commit inadvertent error without protest, and then complain for the first time in his motion for a new trial or in the appellate court. If he wishes the jury to be instructed upon a certain point, it is his duty to advise the court. There are certain situations when a matter is so important in the case or so much an integral part of it that it is the duty of the court to instruct upon it without request. But generally this is not so, and we think it does not apply here. The matter was a somewhat trivial one, which might be readily overlooked by the court. Although certain instructions were requested by defendant, the point under discussion here was included in none of them. See State v. Baker, 246 Iowa ........, 66 N.W.2d 303; State v. Critelli, 237 Iowa 1271, 24 N.W.2d 113; State v. Schenk, 236 Iowa 178, 18 N.W.2d 169; State v. Wrenn, 194 Iowa 552, 188 N.W. 697; State v. Brandenberger, 151 Iowa 197, 130 N.W. 1065; and State v. Kirkpatrick, 63 Iowa 554, 19 N.W. 660. The defendant's complaint is without merit.

V. Defendant's fifth assignment of error as stated is that the court admitted incompetent, immaterial and hearsay evidence. In argument this becomes broadened so as to include a complaint that the court wrongfully excluded certain testimony offered by the defendant. The argument is very brief. We have examined the record, both as to the State's testimony which it is

1372

claimed was wrongfully admitted and the defendant's testimony which he thinks was improperly excluded. We find no error.

■ ■ VI. Finally error is assigned in that the case should not have been submitted to the jury because there was insufficient evidence to sustain a conviction; and for the same reason defendant's motion for new trial should have been sustained. This requires some additional elaboration of the evidence adduced for the State. We do not of course at this point consider defendant's evidence unless it is so conclusive as to entirely negative that of the State. State v. Rutledge, 243 Iowa 179, 184, 47 N.W.2d 251, 255; and no citation of authority is required for the rule that we give plaintiff's evidence the most favorable construction which it will reasonably bear in passing upon claims, however asserted, that it was not sufficient to engender a jury question.

We have said that the breaking and entering and the larceny of the liquor on the night of September 25–26, 1952, by someone, is not denied. Within a week or ten days thereafter the authorities charged with the apprehension and punishment of the wrongdoers and the recovery of the stolen property discovered and seized fifteen cases of liquor bearing Iowa State seals and in the original cartons at the home of Walter and Letha Lehman, in Fort Dodge. The liquor was satisfactorily identified by the manager of the state liquor store at Audubon as having been received there on various dates prior to September 25, 1952.

The State's witness James Marvin Williams testified he had obtained this liquor from the defendant on September 26, 1952, and with one Eldo Leiss had taken it to the Lehman home. Williams also said that the defendant told him three or four days prior to September 25 he would have a load of liquor within a day or two. On September 26 Williams was advised the liquor had arrived and went to the Henry Leiss farm near Fort Dodge, where he met the defendant, Eldo Leiss and Paul Ross. A large quantity of liquor was hidden in the cornfield back of the Leiss farm buildings and there was some in a pickup truck owned by defendant. Defendant delivered one case of liquor to Williams at the time, and the same evening when Williams returned to the Leiss farm defendant aided him in putting nine-

teen additional cases in his car. Paul Ross also testified he got a case of liquor at noon on the 26th of September at the Leiss farm, and further amounts in the evening. He took some of the liquor to his brother's home, where defendant helped him unload it. Defendant told him it came from "about a hundred miles south of town." Audubon is south of Fort Dodge, and the distance between the two cities is testified to as being eighty-seven or eighty-eight miles. Other evidence for the State placed defendant in Audubon on the afternoon of September 25, 1952.

Proof of defendant's possession of recently stolen property when it is also shown that the larceny took place in connection with a burglary is sufficient to warrant a conviction of breaking and entering. State v. Harris, 194 Iowa 1304, 1305, 1306, 191 N.W. 83, 84; State v. Brady, 121 Iowa 561, 566, 97 N.W. 62, 64, 12 L. R. A., N. S., 199. Also we have said that even though the possession be denied or explained, the truthfulness of such denial or explanation is for the jury. State v. Marshall, 105 Iowa 38, 41, 74 N.W. 763, 764.

That part of the record set out above shows an abundance of evidence, some of it is circumstantial it is true, connecting the defendant with the breaking and entering of the Audubon liquor store. There is considerable additional evidence to which we have not thought it necessary to refer. His own denial of possession was for the jury to believe or not as its good judgment might determine. We have no right or inclination to disagree with its determination of the facts. We have reviewed the entire record and have found no reversible error. The defendant was entitled to a fair trial. This he has had.—Affirmed.

All JUSTICES concur.