STATE of Iowa, Appellee,

v.

Crawford COX, Appellant.

No. 55017.

Supreme Court of Iowa.

April 13, 1972.

Patrick J. Life, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., Hugh V. Faulkner, County Atty., for appellee.

MASON, Justice.

Crawford A. Cox was charged, tried and convicted of the crime of going armed with intent contrary to section 695.1, The Code. His motions for new trial and in arrest of judgment were overruled and he was sentenced to the state penitentiary at Fort Madison for not to exceed five years.

Defendant appeals from the judgment and sentence imposed upon his conviction contending the trial court erred in: (1) not sustaining his demurrer to the county attorney's information on the grounds that it violated Amendment 5 of the federal constitution, (2) in misdirecting the jury by overemphasizing the matter of shooting

where there was none and (3) in failing to instruct the jury as to included offenses of assault with intent to commit a felony and assault and battery.

The code section upon which the county attorney's information is based provides:

"695.1 Going armed with intent. Any person who with intent to use the same unlawfully against the person of another goes armed with a pistol, revolver, or other firearm, dagger, dirk, razor, stiletto, or knife having a blade of three inches in length or other dangerous or deadly instrument shall be guilty of a felony and on the conviction thereof shall be punished by a fine not to exceed one thousand dollars or imprisonment in the state prison for not more than five years, or by both such fine and imprisonment, in the discretion of the court."

The incident giving rise to the criminal charge occurred February 22, 1971, in an Oskaloosa tavern.

James Sutherland, the complaining witness, and two acquaintances, Bob Evans and Ron Van Wyk, were seated at the bar drinking and talking. In some manner not entirely clear from the record, defendant became involved in the conversation which concerned a possible wager. A detailed description of the subject of the wager would not add a great deal to the jurisprudence of this state. In any event, Sutherland and Evans went to the restroom. A short time later defendant also went to the restroom. There is a factual dispute as to what occurred in this portion of the tavern. The State and defendant gave different versions. Defendant does not contend the evidence was insufficient to submit the criminal charge to the jury. As stated, his attack takes a different approach.

After a short interval in the restroom defendant left the tavern, went to a second-hand store, purchased a gun and returned to the tavern. Sutherland, Evans and Van Wyk were still there. Sutherland testified

defendant walked up to him and pulled a gun from his right coat pocket and pointed it directly at him for from 20 to 30 seconds. According to Sutherland, defendant then put the gun away and walked about ten feet to the end of the bar. Sutherland said he walked up to defendant but before he could say a word, defendant again pulled the gun, put it against Sutherland's chest and pulled the trigger but it misfired. Sutherland said he then grabbed the defendant's wrist and after some blows, wrestled the gun from him. Sutherland placed the gun on the bar and asked the lady barkeeper to call the police.

Evans testified that when defendant first returned to the tavern with the gun, he cocked it and said something to Sutherland about shooting him. According to Evans, defendant then released the trigger and put the gun back into his pocket.

The police were called, arrested defendant and advised him in the manner required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, of his constitutional rights guaranteed by Amendments 5 and 6 of the federal constitution.

An Oskaloosa police officer testified that after he advised defendant of his constitutional rights, defendant said, "I would've killed him if the gun hadn't of jammed."

The State's witness William Pyle testified he examined the gun involved and found a shell in the chamber which had been hit by the firing pin.

Defendant denied generally the use of the gun in the manner described by the State's witnesses and maintained what he did in the tavern was done in self-defense of himself.

I. Defendant's first assignment is without merit. See State v. Abodeely, 179 N.W. 2d 347, 355 (Iowa 1970). We need not discuss the assignment further.

II. Defendant's second assignment is directed against instructions 22 and 25. A final draft of the instructions was submitted to both counsel prior to argument. At that time, defendant objected to certain instructions which are not involved in this assignment and advised the court, "Defendant has no other objections and makes no further exceptions to the instructions, except the defendant would be desirous of an instruction wherein the court states as follows:

" 'You are hereby directed to find the defendant not guilty in this cause.' I never been able to get it in yet."

No objections or exceptions were taken to instructions 22 and 25 at that time. In the motion for new trial, the assignment now relied on for reversal was asserted as a ground for the relief asked.

In a criminal case it is permissible to postpone objections to instructions until after trial and to make them a basis for a new trial. State v. Wisniewski, 171 N.W.2d 882, 886 (Iowa 1969). This right of a defendant in a criminal case to attack the court's instructions for the first time in motion for new trial is subject to two exceptions. A party may waive the right, State v. Hagen, 258 Iowa 196, 203, 137 N.W.2d 895, 899, or if the instruction was correct as given but not as explicit as a party may have desired, he must request an additional instruction before the jury is charged. State v. Brown, 172 N.W.2d 152, 157 (Iowa 1969).

Certainly in the case before us, the court was justified in view of defendant's statement set out, supra, in believing those instructions to which no exceptions or objections were taken were satisfactory. Defendant did not indicate an intention of reserving the right to take later exceptions. He cannot be permitted thus to change his position after the verdict. In view of defendant's statement, we hold he waived his right to urge here the contention asserted in this assignment. It presents nothing for review. State v. Hartung, 239 Iowa 414, 423–425, 30 N.W.2d 491, 497.

III. Defendant did not raise the question presented by his third assignment of error at the time the final draft of instructions were submitted to him by complaining of the court's failure to instruct on the included offenses as now urged or by requesting the court to instruct on these included offenses. He did assert in his motion for new trial as one ground, the court's failure to instruct the jury on the included offenses of assault with intent to commit a felony and assault and battery.

 The general rule requires submission of all offenses which are necessarily included in the criminal charge and upon which there is sufficient evidence to justify a finding of guilty. State v. Pilscher, 158 N.W.2d 631, 633 (Iowa 1968).

There are certain situations when a matter is so important or so much an integral part of it that it is the duty of the court to instruct upon it without request. However, generally this is not so and it does not apply here. State v. Jensen, 245 Iowa 1363, 1371, 66 N.W.2d 480, 484.

State v. Everett, 157 N.W.2d 144, 148 (Iowa 1968), has this statement of law:

" 'We have repeatedly held that reversible error will not appear because of failure to submit included offenses unless two elements concur: (1) the claimed included offense must be necessarily included in the offense charged; and (2) the record must contain evidence justifying a finding of such included offense rather than of a higher offense.' State v. Leedom, 247 Iowa 911, 917, 76 N.W.2d 773, 777; * * *. [citing other authorities] We must separate the 'abstract question of what is an included offense' from 'the question of when included offenses should, under the evidence in the case, be submitted'. State v. Hoaglin, 207 Iowa 744, 754, 223 N.W. 548, 552; State v. McCall, 245 Iowa 991, 997, 998, 63 N.W.2d 874, 878."

 Examination of the record in the light of the foregoing statements from State v. Everett convinces us the facts and circumstances disclosed do not present a situation where it can be said the trial court committed reversible error by failing to instruct on assault with intent to commit a felony and assault and battery. This is particularly true in absence of defendant's timely request therefor. See State v. Brown, 172 N.W.2d at 156–160 and authorities cited therein.

The case is therefore—affirmed.

All Justices concur.