**STATE of Iowa, Appellee,**

v.

**LaVerne Lloyd YOUNGBEAR, Appellant.**

**No. 54672.**

Supreme Court of Iowa.

Dec. 20, 1972.

Paul H. Kinion and Jerald W. Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., William G. Faches, Linn County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and REYNOLDSON, JJ.

MASON, Justice.

Defendant, LaVerne Lloyd Youngbear, was charged by indictment with the crime

of robbery with aggravation contrary to section 711.2, The Code. It was alleged in the indictment as amended that on or about March 6, 1970, defendant did rob Lewis and Katheryn Heral, being then and there with David Youngbear who was armed with a dangerous weapon, to wit: a knife, and intending, if resisted, to kill or maim said Lewis and Katheryn Heral.

A jury convicted defendant of robbery with aggravation. His motions in arrest of judgment and for new trial were overruled and defendant was sentenced to the state penitentiary. He appeals from judgment entered on the verdict.

Mr. and Mrs. Heral, an elderly couple in their late seventies, were awakened about 2:45 a. m. on the morning of March 6, by the sound of someone outside their home. Thinking his son had arrived home with a friend, Mr. Heral unlocked the back door and was met by defendant and his brother, David Youngbear. The Herals, it appears, had at least a nodding acquaintance with the Youngbear boys. Defendant and his brother then entered the Heral home.

The following two hours were a living nightmare for the Herals. At first, the Youngbear brothers sat down at the kitchen table and conversed with Mr. Heral and Mrs. Heral, the latter having come to inquire what the noise was all about. However, when Mrs. Heral attempted to return to her bedroom defendant accused her of going to call the police. He became antagonistic and assaulted Mrs. Heral. When Mr. Heral endeavored to defend his wife, David Youngbear began beating him.

Mrs. Heral broke free and ran into the living room. Defendant caught her and knocked her to the floor; her efforts to get up were met with repeated blows by defendant. With his hand at her throat he declared he would choke her to death. He then threw Mrs. Heral onto the davenport, placed a pocketknife at her throat and again threatened to kill her.

While these criminal acts were being perpetrated, David Youngbear had tied a lamp cord around Mr. Heral's throat and hands, physically abused him and threatened to kill him with a steak knife. When David Youngbear went upstairs, Mr. Heral freed himself, escaped and notified a neighbor to call the police. The police arrived shortly thereafter but the Youngbears had fled.

The Herals testified that several articles of personal property found on the Youngbears at the time of their arrest, including a bracelet, earrings, a necklace, scissors, a watch, a small transitor radio and Mr. Heral's glasses, had been taken from their home March 6.

A physician testified that both Mr. and Mrs. Heral suffered broken ribs, bruises, facial injuries and other physical abuse.

These facts are not disputed.

At the close of the State's evidence, defendant requested the court to withdraw from consideration of the jury the crime of robbery with aggravation for the reason there was "insufficient evidence in the record to prove beyond a reasonable doubt all of the elements of the crime of robbery with aggravation as defined in section 711.2 of the 1966 Code of Iowa." He also filed a motion for directed verdict for the same reason. The motions were overruled. Defendant offered no evidence and rested. He then renewed his motions which were again overruled.

Before reading them to the jury, the court had submitted the instructions to counsel and inquired of both the State and defendant whether either desired to make any objections or take any exceptions. Defendant's counsel responded, "At this time, Your Honor, we have no requested instructions," pointing out that instructions earlier requested by the defense were included in the draft furnished counsel. Defense counsel again advised the court, "I think that is all the requested instructions that the defendant has at this time."

Defendant relies on two errors for reversal granting a new trial. He asserts the court erred in (1) failing to instruct in its forms of verdict defendant could be found guilty of the lesser and included offense of larceny or larceny from the person or of the offense of assault with intent to inflict great bodily injury; (2) overruling defendant's motion to withdraw from the jury's consideration robbery with aggravation and in overruling his motion for directed verdict made at the close of the State's evidence and renewed at the close of all evidence for the reason the evidence was insufficient to establish beyond a reasonable doubt all elements of robbery with aggravation.

I. In his first assignment defendant now challenges the trial court's instructions, having raised the issue by motion for a new trial and not by request for additional or more explicit instructions when the court submitted its proposed instructions to counsel before they were given to the jury.

He asserts that larceny, larceny from the person, assault and battery, and assault with intent to inflict great bodily injury are lesser and included offenses of the crime of robbery with aggravation. And because there was sufficient evidence to justify a finding by the jury of any such included offense, the court erred in failing to instruct the jury on each of them.

The trial court instructed the jury relative to robbery with aggravation and robbery.

The following principles of law repeated in State v. Cox, 196 N.W.2d 430, 432 (Iowa 1972), are relevant to a consideration of defendant's first assignment in light of the record:

"In a criminal case it is permissible to postpone objections to instructions until after trial and to make them a basis for a new trial. * * * [citing authority] This right of a defendant in a criminal case to attack the court's instructions for the first time in motion for new trial is subject to two exceptions. A party may waive the right, * * * [citing authority], or if the instruction was correct as given but not as explicit as a party may have desired, he must request an additional instruction before the jury is charged. * * * [citing authority]."

■ It could be logically argued in the matter before us the court was justified in view of defendant's statements set out, supra, in believing defendant had no further requested instructions since he did not indicate an intention of reserving the right to take later exceptions. A defendant cannot be permitted thus to change his position after the verdict.

Defendant attempts to respond to the argument he had waived his right to urge the contention asserted in this assignment by alleging in one brief point under this assignment it was the trial court's duty to fairly present the issues to the jury on all offenses included in the indictment or information if the evidence is sufficient to justify giving of the instruction.

However, defendant did not request the court to instruct on those offenses he now contends are included in the offense of robbery with aggravation when the final draft of the instructions was submitted to both counsel before argument and defendant afforded opportunity to make known to the court, before submission of the case to the jury, any objections because of instructions given or not given. Instructions requested by defendant and given by the court did not involve such included offenses.

■■ There are certain situations when a matter is so important in the case or so much an integral part of it that it is the duty of the court to instruct upon it without request. However, generally this is not so. State v. Jensen, 245 Iowa 1363, 1371, 66 N.W.2d 480, 484; State v. Cox, 196 N.W.2d at 433. As pointed out in State v. Brown, 172 N.W.2d 152, 156–160 (Iowa 1969), "where the instruction given contains a correct statement of the law but is

not as explicit or well amplified as the party may desire under the holding of Baker, [246 Iowa 215, 230–231, 66 N.W.2d 303, 311–312] Jensen, [245 Iowa at 1371, 66 N.W.2d at 484] Badgett, [167 N.W.2d 680, 688 (Iowa 1969)] Wessling [260 Iowa 1244, 1258, 150 N.W.2d 301, 309–310] and Horrell, [260 Iowa 945, 953–954, 151 N.W. 2d 526, 531–532] * * * error cannot be based upon the alleged deficiency in this respect in the absence of a request for additional instruction made before they are given the jury and raising any claimed incompleteness in this regard for the first time in motion for new trial is too late to present an issue for review in this court."

This court is justified in concluding defendant was satisfied the instructions given correctly stated the law since he made no objections and took no exceptions before the instructions were read to the jury.

█ It is sound law and logic that a party may not sit by and permit the court to commit inadvertent error without protest, and then complain for the first time in his motion for a new trial or in the appellate court. State v. Jensen, 245 Iowa at 1371, 66 N.W.2d at 484.

The foregoing is not inconsistent with the rule announced in State v. Holder, 237 Iowa 72, 83–84, 20 N.W.2d 909, 915, which states that when the court has misdirected the jury in a material matter of law (section 787.3(5), The Code) or has refused properly to instruct the jury (section 787.3(7)) either or both grounds may be raised for the first time in motion for new trial and still properly present issue for review.

In the matter before us there is neither a claim of misdirection in a material matter of law nor a refusal of an instruction requested by defendant.

█ Defendant does not have the right under this record to attack the court's instructions for the first time in motion for new trial.

The State insists there is still another reason, under the circumstances here, why the court's refusal to submit the included offenses cited by defendant does not constitute prejudicial error requiring reversal. It argues that where a defendant is convicted of the principal offense charged in the indictment and the jury refuses to select a lesser offense submitted, failure to submit still lesser included offenses is not prejudicial error. It will be recalled the court submitted robbery with aggravation and robbery. Thus, the jury was given two choices and found defendant guilty of the greater offense.

The State's position is well taken and would, in itself, support a holding that defendant's assignment cannot be sustained.

█ Where a choice is given to select a lesser offense than that charged and the jury refuses to do so, there is no prejudice to defendant in the court's failure to submit still lesser offenses. State v. Yanda, 259 Iowa 970, 972, 146 N.W.2d 255, 256; State v. Clough, 259 Iowa 1351, 1361, 147 N.W. 2d 847, 853–854; State v. Franklin, 163 N.W.2d 437, 440 (Iowa 1968). See also State v. Merrill, 242 Iowa 1156, 1158–1160, 49 N.W.2d 547, 549–550.

II. Defendant's second assignment of error is directed at the court's refusal to withdraw from the jury's consideration the offense of robbery with aggravation and to sustain defendant's motion for directed verdict made at the close of the State's evidence and renewed at the close of all evidence.

Defendant contends there is "insufficient evidence in the record to establish beyond a reasonable doubt all the elements of the crime of robbery with aggravation."

Section 711.1, The Code, provides:

"Definition—punishment. If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny,

he is guilty of robbery, and shall be punished according to the aggravation of the offense, as is provided in sections 711.2 and 711.3."

Section 711.2, The Code, provides:

"Robbery with aggravation. If such offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed; or if, being so armed, he wound or strike the person robbed; or if he has any confederate aiding or abetting him in such robbery, present and so armed, he shall be imprisoned in the penitentiary for a term of twenty-five years."

As noted, it was alleged in the indictment, as amended, that defendant did rob Lewis and Katheryn Heral, being then and there with David Youngbear who was armed with a dangerous weapon, to wit: a knife, and intending, if resisted, to kill or maim said Lewis and Katheryn Heral.

The court told the jury in instruction 9 that before defendant could be found guilty of robbery with aggravation it was the State's burden to establish beyond a reasonable doubt as one of six essential propositions "That the defendant was aided and abetted by David Youngbear who was armed with a dangerous weapon with intent by David Youngbear, if resisted, to kill or maim Lewis and Katheryn Heral; * * *."

Here, defense counsel categorically asserts both defendant and his brother threatened Mr. and Mrs. Heral, respectively, with knives and that a larceny was committed in that sequence. But in regard to the charge defendant himself committed the crime of robbery with aggravation, he contends there is insufficient evidence to connect or relate the use of force, i. e., the threat with a dangerous weapon, with the taking of property from the Heral home. That is to say, "The record does not show that force was exercised by the appellant [defendant] for the purpose of taking property. * * * It is the obligation of the State to connect the use of force with the taking of property."

On defendant's appeal from criminal conviction based on jury verdict challenging sufficiency of evidence to sustain the verdict, this court must view the evidence in the light most favorable to the State and accept as established all reasonable inferences tending to support action of the jury. It is necessary to consider only the supporting evidence whether contradicted or not. State v. Brown, 172 N.W.2d at 153 and authorities cited.

In a criminal action the cause should be submitted to the jury and the court should not direct a verdict of acquittal if there is any substantial evidence reasonably tending to support the charge. State v. Miskell, 247 Iowa 678, 686–687, 73 N.W.2d 36, 41; State v. DeRaad, 164 N.W.2d 108, 110 (Iowa 1969).

In response to defendant's contention of insufficiency of evidence, the State maintains there is substantial evidence to support a finding of each of the elements of robbery with aggravation as set forth in instruction 9: (1) the wrongful taking and carrying away of personal property of another; (2) from the person of the victim, State v. Calhoun, 72 Iowa 432, 435–436, 34 N.W. 194, 196 (Articles taken may be in another room of the house than that wherein the force or violence or putting in fear is used); (3) the felonious intent of the taker to permanently convert the property to his own use at the time of the taking, State v. Ashland, 259 Iowa 728, 732, 145 N.W.2d 910, 912 (Proof of intent is necessary in prosecution for robbery with aggravation); (4) that the taking be by putting the person from whom the property is taken in fear; and (5) that the offender at the time of the robbery is aided and abetted by a confederate who is armed with a dangerous weapon with intent by the confederate, if resisted, to kill or maim the person robbed.

Defendant made no objections to this instruction.

There is substantial evidence in the record to support the charge of robbery with

aggravation. The trial court was correct in submitting the question of defendant's guilt of this offense to the jury.

III. As stated, in the other aspect of defendant's second assignment he argues the evidence is insufficient to establish defendant as an accomplice aiding and abetting a robbery. Defendant claims he was unaware a larceny had been committed until he and his brother had left the Heral home, but had he known it would have had little bearing since he never actively participated in or encouraged the commission of a robbery.

" * * * To aid or abet means to assent to an act or to lend countenance or approval either by active participation in it or by some manner encouraging it. * * * [Citing authorities]. Knowledge is an essential element of aiding and abetting. * * * [Citing authorities]. Guilt of a person charged with aiding and abetting must be determined upon the facts which show his part in the crime and does not depend on another's degree of guilt. * * * [Citing authorities]." State v. Daves, 259 Iowa 584, 586, 144 N.W.2d 879, 881.

In State v. Myers, 158 N.W.2d 717, 720–721 (Iowa 1968), this court declared: "Knowledge or intent is an essential element in aiding or abetting. * * *

"Participation in criminal intent may be inferred from one's presence in and near the scene of the crime, and his conduct before and after the offense is committed."

 The proof whether by circumstantial or direct evidence must generate something more than suspicion, speculation or conjecture and where circumstantial evidence alone is relied on the circumstance or circumstances must be entirely consistent with defendant's guilt and wholly inconsistent with any rational hypothesis of defendant's innocence and so convincing as to exclude a reasonable doubt that defendant was guilty of the offense charged. State v. Brown, 172 N.W.2d at 155.

 The court was correct in submitting the case to the jury on the theory defendant aided and abetted in the commission of an aggravated robbery.

We call attention to the fact that the charge against defendant's brother, David Youngbear, was separately tried resulting in his conviction which was affirmed in State v. Youngbear, 202 N.W.2d 70 (filed November 15, 1972).

Having determined that there is substantial evidence in the record to sustain the verdict, the case is

Affirmed.