**STATE of Iowa, Appellee,**

v.

**James Allen JEWETT, Appellant.**

**No. 56264.**

Supreme Court of Iowa.

June 26, 1974.

James E. Brick, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., Ray A. Fenton, County Atty., Rodney Ryan, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Defendant has appealed from his conviction and sentence for the crime of robbery with aggravation, in violation of Code section 711.1.

Defendant's sole contention is: "The Court erred in not holding a hearing outside the presence of the Jury prior to overruling defendant's motion to strike to determine if the in-court identification was independent of and untainted by prior suggestive identification."

About 10:00 p.m., May 1, 1972 Arden Hook and a prostitute, Tanya Valdez, were in a bedroom of the house at 1233 Eleventh Street in the city of Des Moines. Ms. Valdez left the room to get change. Within a few minutes defendant entered the bedroom with drawn gun. He accused Hook with being there with his wife. Defendant demanded Hook's car keys, his wrist watch and wallet. Hook gave defendant his watch. He turned over his wallet containing approximately $125, his driver's license and credit card only after being hit on the face with the gun. Defendant then ordered Hook out of the house to his car. Defendant continued to hold the gun on Hook until he was permitted to drive away. He was warned not to contact the police. Hook observed a red

Mustang automobile near where he met Ms. Valdez.

After reporting the robbery Hook went to the police station where he was shown photographs of several females. He identified one as that of Ms. Valdez. He was shown a group of male photographs, not including one of defendant. He made no identification of his assailant. Hook later pointed out the house where he was robbed. While still in the police vehicle Hook became aware of a suspect's name when the police officers viewed the "Jewett residence" in east Des Moines.

The day following the robbery police officers, with warrant, searched the Eleventh Street house. They found Hook's driver's license and credit card. A red Mustang registered to defendant was parked in the yard. Jewett was arrested at a nearby tavern. He was wearing Hook's wrist watch.

Several days after the robbery Hook was shown other "mug shots". The one he identified was that of defendant Jewett. The record discloses Jewett's name may have been on his photograph.

At trial Hook related the events of the robbery and both on direct and cross-examination made positive in-court identification of defendant as the man who had committed the assault and robbery. Cross-examination disclosed Hook had made in-court identification at the preliminary information hearing.

After Hook's testimony (to which there was no objection) was completed counsel and the trial judge engaged in an unreported conference. The following morning the trial court struck all testimony concerning the mug shot identification. Defendant then moved to strike the in-court identification on the ground it was tainted by the mug shot identification. The trial court found the in-court identification was based on observations made at the robbery independent of the mug shot identification. Defendant's motion to strike was overruled. Testimony of several police officers was then taken.

On motion for new trial after guilty verdict defendant first asserted the trial judge on his own motion should have held an in-camera hearing before overruling defendant's motion to strike the in-court identification. No authority is cited in support of defendant's contention the court should have on its own motion ordered a hearing. Such a hearing would have done little but reiterate the facts already before the trial court and jury.

■■■ Assuming arguendo an in-camera hearing should have been held, defendant raised the issue too late. First, because an objection to be timely must be made at the earliest opportunity after grounds for objection became apparent. State v. Binkley, Iowa, 201 N.W.2d 917, 919; State v. Slater, 261 Iowa 554, 558, 153 N.W.2d 702, 705 and citations. Secondly, it is sound law and logic that a party may not sit by and permit the court to commit inadvertent error without protest, and then complain for the first time in his motion for a new trial or in the appellate court. State v. Youngbear, Iowa, 203 N.W.2d 274, 278; State v. Jensen, 245 Iowa 1363, 1371, 66 N.W.2d 480, 484.

We find no error in the record and affirm the trial court.

Affirmed.