STATE of Iowa, Appellee,

v.

Timothy Gordon LYON, Appellant.

No. 57006.

Supreme Court of Iowa.

Nov. 13, 1974.

Brent G. Harstad, Jerald W. Kinnamon and Jon M. Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., William G. Faches, County Atty., and Timothy White, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON, and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant, Timothy Gordon Lyon, appeals from conviction and sentence for robbery with aggravation in violation of Code section 711.2. We affirm.

Defendant's sole assigned error asserts: "That, given the defendant's admission that he had been convicted of a felony, the trial court erred in failing to instruct the jury, sua sponte, that consideration of a defendant's previous convictions must be limited to defendant's credibility as a witness."

He relies on the following found in State v. Mays, Iowa, 204 N.W.2d 862, 867: "As to the trial court's failure to instruct sua sponte that consideration of defendant's previous felony convictions must be limited to defendant's credibility as a witness, admittedly our prior decisions are not very conclusive. We hold, however, that in trials commencing after the filing of this opinion, such an instruction must be given by trial courts on their own initiative."

The record evidence need only be briefly summarized. About 4:00 a. m., September 16, 1974, Keith Wayne Rinderknecht was robbed at gun point as he was about to make a nighttime bank deposit in Cedar Rapids. Rinderknecht made positive identification of defendant as a robber. Another witness identified an automobile driven by defendant near the robbery scene. Defendant attempted to elude police. He testified that was because he had liquor in the car. Defendant denied committing the robbery.

On direct examination defendant testified that about two years previously he had been convicted of the crime of forgery.

The trial court's jury instructions included a general credibility of witnesses instruction and another admonishing the jury to base their verdict on the evidence and to act without prejudice or bias. An instruction such as that referred to in State v. Mays, supra, was not given.

Trial counsel took no exceptions to the instructions, asked for no amplification and filed no motion for new trial raising the issue now relied on by appeal counsel for reversal.

We have repeatedly held that ordinarily, matters not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal. State v. Knutson, Iowa, 220 N.W.2d 575, 579; State v. Bruno, Iowa, 204 N.W.2d 879, 884; State v. Armstrong, Iowa, 203 N.W.2d 269, 270, 271, and citations.

Objections to instructions may not be raised for the first time on appeal. Hegtvedt v. Prybil, Iowa, 223 N.W.2d 186, (filed November 13, 1974); Pose v. Roosevelt Hotel Company, Iowa, 208 N.W.2d 19, 25.

Additionally, the rule is well established that a party may not sit by and permit the trial court to commit inadvertent error without protest, and then complain for the first time to this court. State v. Jewett, Iowa, 219 N.W.2d 559, 560; State v. Youngbear, Iowa, 203 N.W.2d 274, 278; State v. Jensen, 245 Iowa 1363, 1371, 66 N.W.2d 480, 484.

Defendant on direct examination introduced the evidence of his prior conviction. By his failure to properly raise in the trial court the question he now presents, he is foreclosed from asserting error here. State v. Jensen, supra, 245 Iowa 1363, 1371, 66 N.W.2d 480, 484; State v. Russell, 245 Iowa 1190, 1205, 66 N.W.2d 35, 43. See also State v. Habhab, Iowa, 209 N.W.2d 73; State v. Pilcher, Iowa, 158 N.W.2d 631.

The issue raised in defendant's sole assigned error comes too late.

Affirmed.