STATE of Iowa, Appellee,

v.

Jeffrey Neil JOCHIMS, Appellant.

No. 57796.

Supreme Court of Iowa.

April 14, 1976.

Lawrence F. Scalise and John R. Sandre, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Ray Yarham, Cass County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

LeGRAND, Justice.

This is an appeal from judgment sentencing defendant to a term of not more than five years in the Men's Reformatory and imposing a fine of $1,000 against him following his conviction for delivering a controlled substance in violation of § 204.401, The Code. We affirm the trial court.

Defendant's principal complaint centers around the trial court's failure to give an instruction on the necessity for corroborating evidence, which he says resulted in his conviction by the unsupported testimony of an accomplice. His only other assigned error is that he was entitled to a directed verdict.

We briefly outline the circumstances under which this offense occurred. Defend-ant owned and operated a tavern in Atlantic under the name of J.J.'s Lounge. One of his employees was Diana Ward. She testified that on September 19, 1973, she made preliminary arrangements to sell two hundred amphetamine tablets to a man (who turned out to be an undercover agent) for $46. When the transaction had been agreed upon, Miss Ward secured the tablets from defendant. She delivered them to the undercover agent, accepted $46 from him, and immediately gave this money to defendant.

There is no doubt Diana Ward was an accomplice in the commission of this crime. The State concedes as much. She was, in fact, charged with the same offense for the same incident. She was convicted and, at the time of defendant's trial, she was awaiting sentence.

Under § 782.5, one may not be convicted of a crime solely on the testimony of an accomplice. The statute provides as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The State's witnesses were Miss Ward, a State chemist, the undercover agent, a police officer, and the Chief of Police of Atlantic. Miss Ward was the State's principal witness. She was an accomplice. Unless her testimony was corroborated, defendant's conviction cannot stand.

The chemist and Chief of Police furnished no corroboration. The undercover agent and the police officer testified that defendant was in the tavern at the time the transaction with Miss Ward occurred. His presence hardly furnishes the basis for corroboration since it was his tavern and he was there to carry on his business. The officers saw nothing which would incriminate defendant. Their testimony would not satisfy the statute.

■ If there is corroboration, it must be found in the testimony of defendant. We have held that a defendant's own testimony may furnish the necessary corroboration. *State v. Bizzett,* 212 N.W.2d 466, 468 (Iowa 1973) and citations.

■ Defendant testified he did indeed receive money from Diana Ward on the night in question, as she had testified, but it was in payment of a debt. The matter became a question, not of whether money changed hands between defendant and Miss Ward, but rather *why* the payment was made. Corroboration need not be strong nor need it confirm every material fact testified to by the accomplice. It is sufficient if it tends to connect an accused with the commission of the crime and lends support to the credibility of the accomplice. *See State v. Bizzett, supra,* 212 N.W.2d at 468; *State v. Williams,* 207 N.W.2d 98, 107 (Iowa 1973); *State v. Gill,* 261 Iowa 522, 526, 154 N.W.2d 722, 725 (1967).

■ The exchange of money immediately after Miss Ward says she delivered the amphetamines was an important link in the State's case. It indisputably tended to connect defendant with the commission of the offense. It lent strong support to Miss Ward's credibility. Defendant's admission he received money from Miss Ward furnished sufficient corroboration.

The question now becomes whether the trial court's failure to instruct, in the absence of a request, on the necessity of corroboration was reversible error. Several principles come into play here and must be reconciled under the particular circumstances of this case.

■ The State relies on the rule that objections to instructions may not be raised for the first time on appeal. *See* Rule 196, Rules of Civil Procedure; *State v. Smith,* 215 N.W.2d 225, 227 (Iowa 1974); *State v. Dague,* 206 N.W.2d 93, 95 (Iowa 1973); *State v. Cox,* 196 N.W.2d 430, 432 (Iowa 1972); *State v. Hartung,* 239 Iowa 414, 423–424, 30 N.W.2d 491, 497 (1948).

In the present case, defendant waived objections to the instructions at the time the case was submitted to the jury. When the instructions in their final form were submitted to counsel, defendant's attorney made this statement:

> "Comes now the attorney for the defendant and having received a copy of the proposed final instructions waives any objection thereto with the exception of placing in the record any objections and exceptions to the court's refusal [to give] defendant's requested instruction No. 1 [dealing with the effect of character evidence]."

The record is silent as to any objection to the court's failure to instruct on corroborating evidence; nor did defendant request that such an instruction be given. Ordinarily that would end defendant's right to appeal on that ground.

■ However, defendant urges us to apply another firmly established rule: even in the absence of a request, a trial court must instruct sufficiently on all issues in order to permit the jury to pass intelligently on the matters they are to decide. *State v. Ritchison,* 223 N.W.2d 207, 211 (Iowa 1974); *State v. Harris,* 222 N.W.2d 462, 466 (Iowa 1974); *State v. Cox, supra,* 196 N.W.2d at 433; *State v. Brown,* 172 N.W.2d 152, 157 (Iowa 1969); *State v. Jensen,* 245 Iowa 1363, 1371, 66 N.W.2d 480, 484 (1954). Defendant argues this is one of those cases in which the corroboration instruction was so vital that it was incumbent upon the court to give it, requested or not.

■ I. This question has been considered on several other occasions. In *State v. Hartung, supra,* 239 Iowa at 423, 30 N.W.2d at 497, it was held not error to omit an instruction on corroboration in the absence of a request. In *State v. Myers,* 207 Iowa 555, 556–557, 223 N.W. 166, 167 (1929), we reversed for failure to give such an instruction despite the fact no request had been made.

In *State v. Anderson,* 240 Iowa 1090, 1098, 38 N.W.2d 662, 666 (1949), we pointed out certain "inconsistencies" in prior cases and then adopted a rule which still prevails:

"After due consideration we now hold in accordance with the authorities generally that while such an instruction might well be given, it is not reversible error to fail to instruct upon the requirement of corroboration of the testimony of an accomplice, contained in § 782.5, where as here no such instruction is requested, there is ample corroboration and it does not appear as a matter of law any witness was an accomplice."

It is not necessary to decide whether this case falls within the *Anderson* rule. We hold, rather, the present circumstances make *State v. Miller,* 254 Iowa 545, 556, 117 N.W.2d 447, 455 (1962) dispositive of the issue before us.

*Miller* was a prosecution for rape, a crime which then required the prosecutrix's testimony to be corroborated. Defendant did not request an instruction on corroboration and the court did not give one. We said:

"The jury was not instructed on the necessity for corroboration and the defendant now claims error.

"The giving of such an instruction is customary and its use is recommended as routine precaution. Here, however, defendant cannot claim error.

"In the light of defendant's admissions, there was no particular issue as to the corroboration required by the statute. There was no request for such an instruction. There were no exceptions taken because of the omission. No alleged error based on the omission was included in the motion to set aside the verdict or for a new trial. The issue was never raised in the trial court."

In *Miller* the defendant had admitted having sexual intercourse with the prosecutrix. The only issue was whether it was with consent or by force. We have an analogous situation here. Defendant admitted receiving money from Diana Ward. The only question is whether it was to repay a debt or to compensate him for the amphetamine pills he had allegedly supplied.

Under these circumstances, we find no reversible error in the court's failure to

instruct on corroboration although we repeat the admonition in *Miller* that it is good practice to give such an instruction as a matter of routine.

■ II. Defendant's remaining assignment of error relates to the denial of his motion for directed verdict.

The basis for the motion is that the indictment charges defendant with delivering a controlled substance to Bill Missman, an undercover agent. Defendant says there is a fatal variance between the charge and the evidence because actual delivery was made by Diana Ward, not by the defendant.

However, defendant need not make *personal* delivery of the contraband to be guilty under § 204.401. There may be constructive delivery. Under Diana Ward's testimony, defendant furnished her the amphetamines, which she turned over to Missman, and immediately delivered to defendant all the money received for them. This constituted constructive delivery by defendant under § 204.101(8), The Code. *Cf. State v. Grady,* 215 N.W.2d 213, 214 (Iowa 1974).

Having found no reversible error in the only two issues raised, we affirm the judgment.

AFFIRMED.