STATE of Iowa, Appellee,

v.

Kenneth Jay STILL, Appellant.

No. 58531.

Supreme Court of Iowa.

Aug. 30, 1976.

Peters, Campbell & Pearson, P. C., Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., David L. Brown, Asst. Atty. Gen., and Lyle A. Rodenburg, County Atty., Council Bluffs, for appellee.

Heard by MOORE, LeGRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of arson, in violation of section 707.3, The Code, 1975. He pleaded not guilty and was tried to a jury, convicted, sentenced and now appeals. We affirm.

Defendant was charged specifically with the burning of a stolen motor home. The record evidence abidingly establishes that defendant and his confederates stole the vehicle from a sales lot in Omaha. After secreting it for some time at several places in Iowa and Minnesota, defendant's confederates returned the vehicle to Council Bluffs where it was recovered by the police

**806**

and impounded in the police storage yard. During the early morning hours of February 25, 1975, defendant discussed the burning of the impounded motor home with one of his confederates, Danny Pruett. He had convinced Pruett it was necessary to burn the motor home because Pruett's fingerprints were in the vehicle, Pruett having been one of the persons who actually committed the theft. The record establishes defendant offered Pruett $100 to burn the coach.

Defendant, Michelle Bartlett, Pruett and Pruett's girlfriend, Donna Heiman, drove past the lot where the vehicle was impounded on the way to Donna Heiman's home to pick up a five-gallon gasoline container. They went to a filling station and secured gasoline and the group then took Pruett to the storage lot where Pruett saturated the interior of the vehicle with gasoline and set fire to it, completely destroying it.

Defendant, in substance, states for review requiring reversal the following issues:

(1) Trial court erred in failing to instruct the jury that Donna Heiman was an accomplice of defendant as a matter of law.

(2) Trial court erred in overruling defendant's motion to dismiss made at the close of the State's evidence based upon the proposition that the testimony of defendant's accomplices was not corroborated.

(3) Trial court erred in failing to properly instruct the jury relative to the burden of proof on the issue of the evidence of complicity.

I.  Defendant contends trial court erred in failing to find, as a matter of law, that Donna Heiman was an accomplice of the defendant.

■ Trial court found the evidence relating to Heiman's complicity was susceptible to differing inferences. Where the evidence on complicity presents an issue upon which reasonable minds might differ, that issue is for the jury. *State v. Schreck,* 258 Iowa 218, 137 N.W.2d 914. There was am-

ple evidence that Heiman tried to dissuade Pruett from burning the motor home. The record establishes she was concerned that the five-gallon gasoline can which had been secured from her garage was not one which belonged to her but in fact belonged to one of the other confederates of the defendant, one Tyson.

■ We must conclude the trial court was correct in submitting to the jury the issue of Heiman's complicity in the crime, in light of the inferences which could be drawn from the evidence.

II.  Defendant next contends trial court erred in overruling his motion to dismiss made at the close of the State's evidence, in which motion he asserted the State presented no evidence corroborating the testimony of his accomplices, Michelle Bartlett and Danny Pruett.

Section 782.5, The Code, provides:

"Corroboration of accomplice. A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely 'shows' the commission of the offense or the circumstances thereof."

Defendant's motion was overruled by the trial court which concluded Heiman was not an accomplice as a matter of law; and further that certain letters written by defendant to Michelle Bartlett and introduced into the record were corroborative of the testimony of the accomplices.

■ Certainly the question as to whether evidence was adduced which satisfied the requirements of section 782.5, The Code, was a question of law. The question as to whether the evidence was sufficient to corroborate the testimony of the accomplices was for the jury. *State v. Jennings,* 195 N.W.2d 351 (Iowa 1972). The court properly submitted the question of sufficiency of the evidence to the jury.

III.  Defendant next contends the trial court erred by failing to instruct the jury that the burden of proving a witness was

an accomplice was *"only* one of preponderance of the evidence." The instruction under attack (Instruction No. 6) did not expressly, as defendant contends, place the burden of proof of the issue on the defendant.

▮ In any event, defendant objected to the giving of Instruction No. 6 before the instructions were submitted to the jury, but failed to ask for any amplification of the instruction relative to the standard of proof. We must therefore conclude that any further objection, not raised, was waived. Rule 196, Rules of Civil Procedure; *State v. Jochims,* 241 N.W.2d 25, 27 (Iowa 1976); *Tarrell v. Erdmann,* 221 N.W.2d 504, 507 (Iowa 1974). The objections were not made as contemplated by rule 196, *supra,* and error was not preserved for appeal.

▮ IV. During deliberation, the jury sent a communication to the trial judge over the signature of the foreman as follows:

"We were advised in the last paragraph of instruction # 6 that Danny Paul Prewitt (sic) and Michelle Barlett (sic) are accomplices as defined as hereinabove. We are not told whether Donna Hineman (sic) is an accomplice or is not an accomplice. Will you tell us which she is?"

After conference with the prosecutor and defendant's counsel and after having secured their approval of the answer, the trial judge responded as follows: "That issue is to be decided by the jury."

Rule 197, R.C.P., provides:

"Additional instructions. While the jury is deliberating, the court may in its discretion further instruct the jury, in the presence of or after notice to counsel. Such instruction shall be in writing, be filed as other instructions in the case, and be a part of the record and any objections thereto shall be made in a motion for a new trial."

No objection was made to the failure of the court to instruct on burden of proof, either with relation to the quantum of proof or with respect to the party upon whom the burden of proof is placed. Error was not preserved by the defendant for review here, and we give no consideration to this issue in this appeal.

We find no reversible error and affirm the trial court.

AFFIRMED.