### BUBACK *v.* WAYNE CIRCUIT JUDGE.

### BOMMARITO *v.* SAME.

1. VENUE—OPPORTUNITY FOR JURY TAMPERING—SHERIFFS.
   Trial court's exercise of discretion in changing venue of criminal trial, *held*, proper, where defendant undersheriff was still in office and still superior to the deputies into whose keeping the jurors in the defendant's case would be committed, especially where task of jury sequestration was made difficult by inadequate facilities (CL 1948, § 750.478).

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law § 409 *et seq.*

2. COURTS—SUPREME COURT—ORDERS.

> The Supreme Court has authority to make any order which ought
> to have been made or given, and may make any such further
> orders as is required (GCR 1963, 865.1[7]).

3. VENUE—ORDER OF SUPERINTENDING CONTROL—CRIMINAL TRIAL OF
UNDERSHERIFF.

> Order of superintending control transferring case from circuit
> court of Wayne county to recorder's court of the city of Detroit,
> located within that county, rather than to adjoining county of
> Macomb, is issued where Wayne circuit judge was warranted
> in changing venue of criminal action against undersheriff who
> was a superior officer to deputies in charge of jurors in Wayne
> circuit court cases (CL 1948, § 750.478; GCR 1963, 865.1[7]).

Appeal from Court of Appeals, Division 3, Fitz-
gerald, P. J., Burns and Holbrook, JJ., dismissing
complaint for superintending control. Submitted
January 10, 1968. (Calendar No. 8, Docket No.
51,757.) Decided March 4, 1968.

Complaint by Peter L. Buback and James Bom-
marito against Carl M. Weideman, Judge of the
Circuit Court of Wayne County, for order of super-
intending control. Court of Appeals dismissed.
Plaintiffs appeal. Reversed, and order issued.

*Joseph W. Louisell* and *Ivan E. Barris,* for plain-
tiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Leo E. Maki,* As-
sistant Attorney General, for defendant.

BRENNAN, J. The plaintiff-appellant, Peter L.
Buback, and the plaintiff-appellant, James Bom-
marito, both of whom are sometimes hereinafter re-
ferred to as "plaintiff", are respectively the duly
elected sheriff of the county of Wayne and the un-

dersheriff and chief deputy sheriff of the county of Wayne.

On or about March 23, 1966, an indictment and warrant was issued by the Honorable Edward S. Piggins, judge of the circuit court for the county of Wayne sitting as a one-man grand jury, against the plaintiffs wherein the plaintiffs were accused in seven counts of having committed the misdemeanor of wilful neglect of duty in violation of CL 1948, § 750.478 (Stat Ann 1954 Rev § 28.746).

A preliminary examination upon the warrant was conducted by the Honorable Douglas Leo Paterson, municipal judge of the city of Grosse Pointe, at the conclusion of which plaintiffs here were bound over on August 15, 1966, for trial to the Wayne circuit court upon counts 1, 2, 3, and 7 of the warrant, with counts 4, 5, and 6 having been dismissed and stricken upon motion of the people.

On December 23, 1966, plaintiffs herein were arraigned upon an information before the Honorable Thomas J. Murphy, the then presiding judge of the Wayne county circuit court, at which time these plaintiffs stood mute and a plea of not guilty was entered on their behalf and the case was assigned to the Honorable Carl M. Weideman, defendant herein.

The gist of the motion for change of venue was that the defendants in that criminal proceeding as sheriff and undersheriff were obligated to summon and sequester the jurors who would sit in the case, and further were required to execute the processes and orders of the court, and that in view of this responsibility, the people would be unable to get a fair trial in Wayne county. The defendant circuit judge granted the motion for change of venue, and while his opinion emphasized the shortcomings of the physical facilities of the circuit court, it is clear that he was persuaded by the plaintiffs' argument that the defendants and their employees and deputies

would be in a position to influence the jury in a way that would jeopardize the people's right to a fair trial in Wayne county circuit court. The defendant circuit judge transferred the cause to the circuit court for Macomb county, whereupon the people filed a motion in the Macomb county circuit court for disqualification of the entire Macomb county circuit bench. That matter is still pending.

At the argument of this complaint for superintending control, the Supreme Court was informed that the people had decided to drop the charges against Sheriff Buback and we are informed that this has now been done. As to the sheriff, then, the case is moot.

But we consider the case as to Undersheriff Bommarito. On behalf of the plaintiff Bommarito, it is alleged that the defendant circuit judge abused his discretion by granting the motion for change of venue, because there was no claim or evidence that public sentiment in Wayne county was in such a state as to render a fair trial improbable, and because there was no attempt to impanel a jury before the motion was granted. Plaintiff attempts to distinguish the case of *People* v. *Burns* (1928), 242 Mich 345, on the ground that Burns, the clerk of Saginaw county, had already been allegedly tampering with the jury lists and that feeling in the community was running high. Plaintiff's claim that a controverted allegation of jury tampering makes a stronger case than mere recognition of the opportunity to tamper is not persuasive. We think that the mere fact that the undersheriff is still in office and still superior of the very deputies into whose keeping the jurors in the undersheriff's case would be committed is sufficient to warrant the exercise of the court's discretion.

This is, of course, the more understandable where, as in Wayne county, the physical plant makes the

task of jury sequestration something more than perfunctory. We find that the defendant circuit judge did not abuse his discretion in ordering a change of venue.

Under the provisions of GCR 1963, 865.1(7),* this Court has jurisdiction to make any order which ought to have been made or given, and make any such further orders as the case may require. In the light of that authority and in view of the fact that the attorney general is seeking disqualification of the Macomb county circuit court and in view of the fact that both the people and the defendant are entitled to a speedy trial of this case, we take this opportunity to enter an order, which, in our view, the ends of justice require.

An order of superintending control accordingly shall issue, directing that the case of *People* v. *Bommarito* be transferred to the recorder's court for the city of Detroit, and the Court administrator will be directed to assign a visiting judge to hear the case with dispatch.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, SOURIS, O'HARA, and ADAMS, JJ., concurred.

---

* See 373 Mich xcvii, xcviii.—REPORTER.