**Everett L. HILL, Petitioner-Appellant,**

v.

**Louis S. NELSON, Warden, California State Prison, San Quentin, Respondent-Appellee.**

No. 72–1953.

United States Court of Appeals, Ninth Circuit.

Aug. 29, 1972.

Everett L. Hill, in pro. per.

Evelle J. Younger, Atty. Gen., Edward E. Hinz, Jr., Chief Asst. Atty. Gen., William E. James, Asst. Atty. Gen., Robert R. Granucci, D. Stuart Candland, Deputy Attys. Gen., San Francisco, Cal., for respondent-appellee.

Before HAMLEY, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

Everett L. Hill, serving consecutive terms in a California state prison following his conviction on three "dangerous drugs" charges, appeals from the denial of his petition for a writ of habeas corpus.

In his petition, Hill urged four grounds for relief, namely: (1) evidence used to convict him was obtained as a result of an illegal search and seizure, and through the use of coercive and other improper means of interrogation, in violation of the Fourth and Fifth Amendments, (2) the fact-finding procedures employed by the state court were not adequate to afford him an opportunity to develop the material facts as they relate to the reasonableness of the police activities referred to under point (1), (3) there was a denial of petitioner's Sixth Amendment right to confront the witnesses against him at his state trial and (4) there was a denial of petitioner's Sixth Amendment right to have the compulsory process of the court to obtain witnesses in his favor at his state court trial.

The district court denied the petition, without hearing, on the following grounds:

"As to the contentions raised by petitioner in his state court appeal, this court finds that he received a full, fair, and adequate hearing therein, and accordingly this court presumes such findings were correct. 28 U.S.C. § 2254(d). As to the contentions not heretofore raised before the state court, this court finds that petitioner has failed to exhaust his available remedies within the meaning of 28 U.S.C. § 2254(d)."

Hill's state court conviction was affirmed in People v. Hill, 19 Cal.App.3d 306, 96 Cal.Rptr. 813 (C.A. First Dist. Div. 2, 1971). As we read that opinion, all of the grounds Hill now urges for habeas relief were, in essence, raised and determined against him in his state appeal. The third, pertaining to the confrontation of witnesses, involves no disputed question of fact. For the reasons stated in the opinion of the State Court of Appeal (19 Cal.App.3d 306, 96 Cal. Rptr., at 817–819), we hold this ground to be without merit.

Hill's first, second and fourth grounds for habeas relief pertain to a search and seizure, his interrogation by police, and his right to compel the appearance of witnesses. Hill raises substantial questions of fact pertaining to these matters. The district court determined these questions of fact against Hill in purported reliance upon 28 U.S.C. § 2254(d). Under that subsection a state court determination after a hearing on the merits of a factual issue, made by a state court of competent jurisdiction in a proceeding to which the applicant for a federal writ of habeas corpus and the state or an officer or agent thereof were parties, "evidenced by a written finding, written opinion, or other reliable and adequate written indicia," shall be presumed to be correct, unless the applicant shall establish the existence of one or the other of eight specified circumstances.

The complete state trial court trial record was before the district court. But the district court did not expressly state that it was relying upon written findings by the state trial court, as dis-

tinguished from factual statements contained in the opinion of the state Court of Appeal. Nor have we been able to find in the state trial record any written findings, whether in the form of findings, opinion or otherwise, having to do with Hill's search and seizure and interrogation points.

Appellee has not called attention to any place in the trial court record where such findings may be found. Quite to the contrary, appellee's return filed in the trial court, and its brief filed in this court, appear to place reliance exclusively on the factual statements contained in the state appellate opinion. Thus, appellee says in its brief, at page 8: ". . . and therefore the findings of the California Court of Appeal should be presumed correct."

██ The "determination" of a factual issue referred to in 28 U.S.C. § 2254(d), means a determination made by the judge who heard the evidence, for only he is in a position to evaluate the credibility of the witnesses. It is his "written finding, written opinion, or other reliable and adequate written indicia" which a federal habeas judge may presume to be correct, absent any of the eight circumstances listed in section 2254(d). Thus that section provides no basis for avoiding an evidentiary hearing on disputed questions of fact by relying on factual statements contained in a state appellate opinion. *See* Flores v. Craven, 464 F.2d 1293 (9th Cir., July 26, 1972), and cases there cited.

██ Since we are unable to determine on this record whether the district court relied upon written findings by the state trial court, it is necessary to reverse and remand for further proceedings. If there are state trial court findings upon which the district court relied, record references thereto should be pointed out in any further denial order, together with reasons why Hill's contention that the fact-finding procedures employed by the state trial court were not adequate is without merit. Otherwise it will be necessary to grant Hill an

evidentiary hearing on his search and seizure, interrogation, and compulsory appearance of witnesses points.

On this appeal Hill makes some additional arguments which were not advanced in the district court. We therefore do not reach those arguments on this appeal. With leave of the district court, Hill may present them to the district court in the further proceedings in that court.

Reversed and remanded for further proceedings consistent with this opinion.