**James THOMAS, Appellant,**

v.

**Walter CRAVEN, Warden, Appellee.**

**No. 72–2028.**

United States Court of Appeals, Ninth Circuit.

March 2, 1973.

**1236**

James Thomas, in pro. per.

Evelle J. Younger, Atty. Gen., Edward A. Hinz, Jr., Chief Asst. Atty. Gen., William E. James, Robert R. Granucci, Asst. Attys. Gen., Jerome C. Utz, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before KOELSCH, HUFSTEDLER, and GOODWIN, Circuit Judges.

## AMENDED OPINION

PER CURIAM:

James Thomas, a California state prisoner, appeals the denial of his petition for a writ of habeas corpus. He asserts illegal search and seizure, insufficiency of the evidence, and various trial errors, all of which in combination denied him due process. We affirm.

Thomas unsuccessfully presented the same contentions to the California Court of Appeal. People v. Thomas, 267 Cal. App.2d 698, 73 Cal.Rptr. 590 (1968). The California Supreme Court denied review. Having thus exhausted his state remedies, Thomas applied to the federal district court for relief.

 Reasoning that 28 U.S.C. § 2254(d) required it to accept as true the state appellate court's factual statement, the district court declined to conduct an evidentiary hearing and denied the petition. In interpreting section 2254(d) in this fashion, the district court erred. As we recently observed, "that section provides no basis for avoiding an evidentiary hearing on disputed questions of fact by relying on factual statements contained in a state appellate opinion." Hill v. Nelson, 466 F.2d 1346, 1348 (9th Cir. 1972).

However, Thomas does not call into question any of the factual statements made by the state appellate court and erroneously "adopted" by the federal district court. Since the record reveals no disputed factual issues relevant to the petitioner's claims, we have concluded that the district court's invocation of section 2254(d) did not lead it into an erroneous result.

An examination of the undisputed facts reveals no constitutional violations. The arrest complained of was based on probable cause. The search was of the common stairway of an apartment hotel with the consent of the hotel manager. Without suggesting that the alleged errors at trial were[1] indeed error, we note that in any event none would rise to constitutional dimensions. Crisafi v. Oliver, 396 F.2d 293 (9th Cir.), cert. denied, 393 U.S. 889, 89 S.Ct. 208, 21 L.Ed.2d 167 (1968).

Affirmed.