**Rickard Dennis ANDERSON, Petitioner,**

**v.**

**Dr. Lester J. POPE, Superintendent, California Medical Facility, Vacaville, Respondent.**

**No. C–72–2283.**

United States District Court, N. D. California.

March 30, 1973.

Rickard Dennis Anderson, in pro. per.

Evelle J. Younger, Atty. Gen., Clifford K. Thompson, Jr., Deputy Atty. Gen., San Francisco, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ZIRPOLI, District Judge.

Petitioner Anderson, a state prisoner, filed his first petition in this case on December 15, 1972. In this petition he attacked a 1965 conviction for burglary, arguing that his guilty plea was coerced and made unknowingly, in part because of ineffective assistance of counsel. On January 31, 1973, petitioner filed a "Supplement to Habeas Corpus," which attacks an entirely different proceeding, a 1959 commitment to the California Department of Mental Hygiene pursuant to California Welfare and Institutions Code §§ 7050, 7052, and 7058. Without realizing that the "Supplement" had been filed, on February 1, 1973, the court issued an order to show cause, and respondent answered the contentions contained in both petitions. The court will consider both claims.

In response to the attack on the 1959 commitment, respondent first argues that petitioner does not allege that he has raised this challenge in the state courts. Therefore, respondent argues,

the court must dismiss the attack on this claim pursuant to 28 U.S.C. § 2254(b). Although petitioner clearly had difficulty understanding and correctly completing the court's form petition, he unequivocally states that he did raise this issue in a petition to a state court. In the circumstances of this case, the court will consider this a sufficient allegation of compliance with § 2254(b).

■ Respondent alternately argues that the court ought not to consider the validity of the 1959 commitment because petitioner is no longer "in custody" on account of this proceeding. On November 29, 1971, long before the present action was commenced, petitioner was discharged from the 1959 commitment. As a result, that commitment no longer affects his custody. The court, therefore, cannot consider this issue. *See* Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Glazier v. Hackel, 440 F.2d 592, 594 (9th Cir. 1971).

Respondent answers petitioner's challenge to the 1965 burglary conviction by noting that an identical challenge to petitioner's guilty plea was considered in a collateral state court proceeding in 1967. Following an evidentiary hearing, the trial judge orally denied the petition, and his decision was upheld in a written opinion by the Court of Appeal. Respondent argues that this court is, therefore, bound by the findings of the state court pursuant to 28 U.S.C. § 2254(d).

■ ■ The difficulty with respondent's argument is that the trial judge's decision is not evidenced by a "written finding, written opinion, or other reliable and adequate written indicia." Indeed, the only formal indication of his view is his statement at the end of the hearing that, "The petition is denied." Thus, the presumption of § 2254(d) cannot be applied to the trial judge's decision. Nor can the court defer to the factual findings of the Court of Appeal. In Hill v. Nelson, 466 F.2d 1346, 1347–1348 (9th Cir. 1972), the court held that § 2254(d) "provides no basis for avoiding an evidentiary hearing on disputed questions of fact by relying on factual statements contained in a state appellate opinion."

■ Because § 2254(d) is inapplicable, the issue is whether, pursuant to the general principles established in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), an evidentiary hearing ought to be held in this case. An examination of the transcript of the state evidentiary hearing reveals that petitioner was ably represented by court-appointed counsel and was granted state funds for the purpose of obtaining expert testimony. The judge granted petitioner an opportunity to present any evidence he deemed relevant, holding hearings on three separate days in order to accommodate petitioner. The witnesses included petitioner Anderson, his criminal trial attorney, a physician, and another witness who discussed the possible effects of the drugs given petitioner. The presiding judge, who also presided at petitioner's criminal trial, stated what he observed concerning petitioner's mental state at the time of the guilty plea. The proceeding was, in every way, fair to petitioner, and it may safely be assumed that all the available evidence known to him was presented. Although the judge did not formally explain his denial of the petition, it appears from his comments during the course of the hearing that he believed that petitioner was not deceived about the nature of the plea bargain being offered him, that he was adequately represented by his counsel, that he was not misadvised about the law, and that petitioner was not affected in making his decision to plead guilty by the drugs he had been given. This court's independent evaluation of the evidence presented leads it to conclude that the state court judge was correct in each of these conclusions.

■ Applying the principles set forth in Townsend v. Sain, *supra* at 313, 88 S. Ct. 745, the court holds that this is not a case in which a second evidentiary hearing is mandatory. Moreover, in this case the court does not believe that

a second hearing would serve the ends of justice. The 1967 hearing was as complete an investigation of the factual issues as possible; at this time—seven years after the guilty plea—this court could not hope to obtain as complete an evidentiary record of what occurred in 1965. Importantly, petitioner has not suggested any new evidence that might vitiate the considerable evidence produced at the prior hearing to negate his claims regarding his guilty plea. Thus, the court believes that granting a hearing and requiring the state to again negate these claims would be a senseless formality and would not constitute a disposition of the matter as law and justice require. Accordingly,

It is ordered that the petition for writ of habeas corpus is denied and this proceeding is dismissed. It is further ordered that, if petitioner desires to appeal this dismissal, the court hereby certifies that there is probable cause.