**Carl VELLECA, Petitioner-Appellant,**

v.

**SUPERINTENDENT, M.C.I., WALPOLE, Respondent-Appellee.**

No. 73–1239.

United States Court of Appeals, First Circuit.

Submitted Sept. 12, 1975.

Decided Oct. 16, 1975.

Joel R. Labell, Lawrence, Mass., by appointment of the Court, on brief for appellant.

Francis X. Bellotti, Atty. Gen., John J. Irwin, Jr., Asst. Atty. Gen., Chief, Crim. Bureau, and Barbara A. H. Smith, Asst. Atty. Gen., on brief for appellee.

Before COFFIN, Chief Judge, McEN-TEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Petitioner-appellant, an inmate of the Massachusetts Correctional Institution, Walpole, appeals from the district court's reaffirmance of its prior denial of a writ of habeas corpus. We affirm.

Appellant and two codefendants were convicted of armed robbery while masked and breaking and entering in the nighttime with intent to commit a felony. Their convictions were affirmed by the Supreme Judicial Court of Massachusetts in an extensive opinion that examined in detail all of petitioner-appellant's assignments of error. *Commonwealth v. Flynn et al.,* Mass., 287 N.E.2d 420, 427–33, 435–38 (1972). When appellant first petitioned for a writ of habeas corpus, a hearing was held before a United States Magistrate who filed a report on May 24, 1973, recommending dismissal. The magistrate heard no witnesses, nor did he undertake to resolve disputed factual issues. On May 26, 1973, the district court dismissed the habeas petition on the merits.[1] Petitioner then filed notice of appeal. After disposition of interim motions to consolidate with a companion case, this court issued an order granting leave to the district court "to entertain and act on a motion for a full evidentiary hearing" and retained appellate jurisdiction. We were not fully aware of the limited, non-evidentiary nature of the magistrate's hearing, and in any event felt it prudent to allow the district court to verify that its decision rested altogether upon its own independent judgment, not upon a magistrate's assessment. *O'Shea v. United States,* 491 F.2d 774, 778 (1st Cir. 1974); *see Wingo v. Wedding,* 418 U.S. 461, 473, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974).

■ After reconsidering, pursuant to our order, appellant's motion for an evidentiary hearing on his petition for a writ of habeas corpus, the district court reaffirmed its previous dismissal. Appellant contends this was improper. The essence of his claim is that since the magistrate's initial report recommended dismissal, the district court could not fulfill its obligation to exercise independent judgment unless it held an evidentiary hearing. However, this claim must fail. There was no reason for the judge to hold an evidentiary hearing in this case as there was no evidence to be taken. The existence of the magistrate's prior recommendation to deny appellant habeas corpus relief does not preclude the district judge from making an independent assessment. Our concern for maintaining the district judge in the central decision-making role does not lead us to hold that a magistrate may never include a recommendation in his report. "In connection with the preliminary review of whether or not to propose that the District Judge hold an evidentiary hearing, . . . Magistrates may receive the state court record and all affidavits, stipulations and other documents . . . . Magistrates are prohibited only from conducting the actual evidentiary hearings." *Wingo v. Wedding, supra* at 473, 94 S.Ct. at 2849.

■ Petitioner-appellant also raises on appeal the fact that the district court did not have available the trial transcript from the state court. We note that the absence of the record of state court proceedings might be troublesome in certain cases. This lack would generally affect the ability of the district court to make an independent assessment of whether the "state factual determinations [are] . . . fairly supported by the record," *Townsend v. Sain,* 372 U.S. 293, 316, 83 S.Ct. 745, 758, 9 L.Ed.2d 770 (1963). However, under the circumstances of the present case, 28 U.S.C. § 2254(d) and the principles of *Townsend* would appear to permit the federal district court to rely on the state court opinion in lieu of holding its own

---

1. As to claim three (right to interview in the absence of the prosecutor) the district court dismissed the petition without prejudice for failure to exhaust available state remedies.

**1042**

hearing. The extensive opinion of the Supreme Judicial Court of Massachusetts covering all of appellant's assignments of error clearly places this case among those where "the state court proceedings were full and fair" and the federal habeas court need not hold its own hearing. *Farmer v. Caldwell,* 476 F.2d 22, 24 (5th Cir.),[2] *cert. denied,* 414 U.S. 868, 94 S.Ct. 178, 38 L.Ed.2d 117 (1973). While § 2254(d) does not require a district court to accept as true a state appellate court's factual statements, *Thomas v. Craven,* 473 F.2d 1235, 1236 (9th Cir. 1973), nevertheless the statute does establish a presumption that the determinations made by a state court are correct unless a petitioner can establish or it shall appear that the "merits of the factual dispute were not resolved in the State court." 28 U.S.C. § 2254(d)(1). Further, the Supreme Court has recently held that there are certain cases where "it can scarcely be doubted from [the state court's] written opinion that [a petitioner's] factual contentions were resolved against him" and where "the opinion of the state . . . court met the requirements of 28 U.S.C. § 2254(d)(1)." *LaVallee v. Delle Rose,* 410 U.S. 690, 692, 695, 93 S.Ct. 1203, 1204, 35 L.Ed.2d 637 (1973). Appellant's case clearly falls within this class. The opinion of the Supreme Judicial Court amply considered his claims of procedural irregularities and his claim of a due process violation as a result of his being shackled during trial. Specifically, with regard to the trial court's exercise of discretion in shackling appellant, the opinion indicated that the Supreme Judicial Court had a "fair knowledge and understanding of all the factual matters on which the decision [was] based"; that the "trial court was advised by officers in position to know the facts", *Kennedy v. Cardwell,* 487 F.2d 101, 110–11 (6th Cir. 1973); and that there was no abuse of discretion.

*Affirmed.*

2. The panel consisted of Simpson and Clark, JJ. and Aldrich, Senior Circuit Judge, sitting by designation.