STATE of Iowa, Appellee,

v.

Joseph BUTLER, Appellant.

No. 59202.

Supreme Court of Iowa.

June 30, 1976.

Samuel J. Walker, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his convictions and sentences on nine counts of robbery with aggravation in violation of § 711.2, The Code. The charges arose from the robbery at gunpoint of patrons of the Hi & Dry Tavern in Davenport by four men in the early morning of October 11, 1974. Defendant contends he was denied a speedy retrial after a mistrial, and he contends he was denied a fair trial by the presence near him of a uniformed sheriff's officer throughout his trial. We affirm the trial court.

I. *Delay in retrial.* Defendant's first trial started December 16, 1974, and ended in a mistrial on December 19, 1974, because the jury was unable to agree on a verdict. The trial court promptly set the retrial for January 20, 1975. On January 8, 1975, defendant, alleging his indigency, filed an application requesting a transcript of his first trial for use at his retrial. On January 16, 1975, he applied for a transcript of the trial of Will Dixon, a person charged in the same incident, whose trial and conviction had just occurred. See *State v. Dixon*, 241 N.W.2d 21 (Iowa 1976). On the same day the trial court, Havercamp, J., sustained both applications. In doing so, the court ordered that defendant's retrial be postponed until 30 days after his receipt of both trial transcripts. The court specifically found that

the delay occasioned by compliance with defendant's request for the transcripts was good cause for delay of his trial under § 795.2, The Code.

The transcripts were completed March 26, 1975, and defendant's retrial was set for March 31, 1975. On March 28, 1975, defendant filed a motion to dismiss alleging he had been denied his right to speedy trial under § 795.2, The Code.

Before commencement of the retrial, the trial court, Phelps, J., overruled the motion, finding the time taken by preparation of the transcripts requested by defendant was good cause for delay of the retrial. Defendant's second trial commenced 102 days after the termination of his first trial. In this appeal from his convictions in the second trial, he contends the trial court erred in overruling his motion to dismiss based on denial of his right to a speedy retrial.

In *State v. Wright*, 234 N.W.2d 99 (Iowa 1975), we held § 795.2, The Code, applies to initial trials, not retrials. Nevertheless, we said that the 60-day statutory period reflects the legislature's conception of a speedy trial, and we adopted a rule that criminal cases must be retried within 60 days after mistrial. We also held that delay in retrial may be excused by good cause just like delay of the initial trial. The present case was tried before the *Wright* opinion was filed. We will assume, without deciding, that the rule adopted in *Wright* is applicable here.

■ Since more than 60 days passed from the date of mistrial before commencement of the second trial, the question is whether the State met its burden to show good cause for the delay. Factors bearing on this determination include the length of delay, reason for delay, defendant's assertion of his speedy trial right, and prejudice resulting to defendant resulting from the delay. *State v. Donnell*, 239 N.W.2d 575, 578–579 (Iowa 1976).

■ Here the delay was 42 days. It was allegedly occasioned by the time necessary for court reporters to prepare two lengthy trial transcripts requested by defendant for use at his second trial. Defendant refused to waive his right to speedy trial; he filed a prior motion to dismiss for denial of speedy trial at the same time as he filed his first application for transcript. Defendant was incarcerated throughout this period, as he had been since his arrest in October 1974.

■ Delay attributable to the defendant may counterbalance the other factors involved and justify a finding of good cause. *State v. Truax*, 232 N.W.2d 861, 863 (Iowa 1975); *State v. Albertsen*, 228 N.W.2d 94, 97 (Iowa 1975); *State v. King*, 225 N.W.2d 337, 340 (Iowa 1975); *State v. Lyles*, 225 N.W.2d 124, 126 (Iowa 1975).

Defendant argues the delay here was attributable to the fact the court reporters were engaged in other work. He equates this reason for delay with chronic docket congestion which we have held does not constitute good cause for delay. *State v. Hines*, 225 N.W.2d 156, 158 (Iowa 1975). The point missed by defendant's argument is that court congestion is not attributable to a particular defendant, whereas time reasonably required in processing or implementing a defense motion is attributable to the particular defendant who made the motion. *State v. Donnell*, supra, at 579, *State v. Albertsen*, supra, at 97. Here the defendant initiated the forces which proximately caused the delay.

We hold the cause for the 42-day delay in this case was attributable to defendant because the delay was reasonably necessary to implement the court's ruling sustaining defendant's application for trial transcripts for use in his second trial. When we weigh the reason for the delay in the balance with the other pertinent considerations, we hold the trial court did not abuse its discretion in finding the State met its burden to demonstrate good cause for delay in commencement of defendant's second trial.

In so holding, we are not to be understood as approving inordinate delay in transcript preparation by court reporters. We find the delay in the present case was not inordinate considering the other regular

duties of these public employees. No basis exists in the present record to find the reporters did not accord proper priority to preparation of the transcripts involved, nor to find they were not reasonably current with transcript work. District judges have responsibility to ensure their court reporters accord proper priority to transcript work and stay reasonably current with it. When court reporters are so flooded with transcript work that they cannot meet their other official obligations, the judges are empowered to employ additional court reporters on an emergency basis. § 605.8, The Code.

The trial court did not err in overruling defendant's motion to dismiss.

II. *Presence of uniformed guard.* After the jury returned its verdicts, defendant filed a motion for new trial in which he included an allegation that the presence of a uniformed sheriff's officer near defendant throughout the trial unfairly prejudiced him. In overruling the motion, the trial court noted a uniformed deputy was present in the courtroom throughout the trial because defendant was in custody. The court said the officer sat several feet behind defendant against a wall, was not at the counsel table, and did not have defendant under any physical restraint.

Defendant failed to raise the issue during trial when, if the trial court determined there was merit in his complaint, the matter could have been remedied. He could not obtain relief when he did not raise the issue until his motion for new trial. *State v. Jewett*, 219 N.W.2d 559, 560 (Iowa 1974); *State v. Youngbear*, 203 N.W.2d 274, 278 (Iowa 1972); see *Estelle v. Williams*, —— U.S. ——, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). Having failed to present his contention in timely manner at trial, he may not urge it here.

On the merits of defendant's contention, see *Velleca v. Superintendent, M.C.I., Walpole*, 523 F.2d 1040 (1 Cir. 1975); *McCloskey v. Boslow*, 349 F.2d 119, 121 (4 Cir. 1965); *Kennedy v. Cardwell*, 487 F.2d 101, 108–109 (6 Cir. 1973); *Loux v. United States*, 389 F.2d 911, 919 (9 Cir. 1968); *United States ex rel. Ford v. State of New Jersey*, 400 F.Supp. 587, 593 (D.N.J.1975); *State v. Williams*, 217 N.W.2d 573, 574 (Iowa 1974); *State v. Evans*, 169 N.W.2d 200, 210 (Iowa 1969).

We find no reversible error.

AFFIRMED.