STATE of Iowa, Appellant,

v.

Steven Lynn LYBARGER, Appellee.

No. 59642.

Supreme Court of Iowa.

March 22, 1978.

Richard C. Turner, Atty. Gen., and Lyle A. Rodenburg, Pottawattamie County Atty., for appellant.

Philip J. Willson, Council Bluffs, for appellee.

LeGRAND, Justice.

This case is here on review from a decision of the Court of Appeals, which reversed a district court order dismissing a murder indictment against defendant for failure to afford him a speedy trial under § 795.2, The Code. We reverse the Court of Appeals and reinstate the district court order of dismissal.

I. This matter has been in the courts since 1974. Prior proceedings include an appeal to this court challenging the admissibility of defendant's purported confession. See State v. Cullison, 227 N.W.2d 121 (Iowa 1975). Thereafter defendant was tried and convicted of second degree murder. He was granted a new trial on grounds of prosecutorial misconduct. The state attempted to avoid the new trial order by filing a petition for writ of certiorari, but we denied the writ.

Claiming the state violated § 795.2 by failing to provide him with a speedy retrial, defendant moved for dismissal of the charge against him. His motion was sustained, and the state appealed. The Court of Appeals reversed. It is this judgment of the Court of Appeals which is now before us on defendant's application for further review.

■ II. A preliminary question concerns the time at which the provisions of § 795.2 begin to run when defendant is awaiting, not his original trial, but a new trial. We decided a related issue involving mistrials in both State v. Butler, 243 N.W.2d 232 (Iowa 1976) and State v. Wright, 234 N.W.2d 99 (Iowa 1975). Although we held there that § 795.2 by its terms is applicable only to an original trial, we nevertheless adopted as a rule of court the same time limitations on retrial which the statute imposes for initial trial purposes. The same rule is appropriate here, and we hold the state was obliged to re-try defendant within sixty days after entry of the order granting him a new trial unless excused from doing so for any of the reasons cognizable under § 795.2.

■ III. Defendant was not tried within that time. In fact when the trial court ordered his case dismissed, 183 days had elapsed since entry of the new trial order. It is therefore incumbent upon the state to justify this delay of 123 days or defendant is entitled to a dismissal. State v. Butler, 243 N.W.2d at 233; State v. Donnell, 239 N.W.2d 575, 578–79 (Iowa 1976).

■ The state, not the defendant, must see that prosecution is timely and that a trial is afforded within the allowable period. State v. Palimore, 246 N.W.2d 295, 297 (Iowa 1976). In State v. Leonard, 240 N.W.2d 690, 691 (Iowa 1976), we pointed out that § 792.2 must be complied with unless a defendant waives his right, unless the delay is attributable to him, or unless the state shows good cause for postponement. In the present case there is no claim defendant waived his right, and we therefore confine our discussion to the other two excusable reasons for delay—good cause shown by the state and delay attributable to the defendant.

IV. We set out the significant dates which control our consideration of this issue, keeping in mind the fact defendant was confined in jail from the date of his arrest on February 23, 1974, until his release on May 25, 1976, following the trial court's order of dismissal:

November 20, 1975—New trial granted.

December 19, 1975—Petition for writ of certiorari filed.

December 22, 1975—Order issued staying proceedings in district court.

January 8, 1976—Certiorari denied.

January 22, 1976—Procedendo issued.

February 17, 1976—Rehearing denied.

March 31, 1976—Defendant's motion filed in Supreme Court, asking prompt trial, transcript of first trial, and opportunity to have his own expert examine physical evidence.

April 8, 1976—Motion filed in Supreme Court on March 31, 1976, withdrawn and same motion refiled in district court.

April 22, 1976—Defendant's motion to dismiss for failure to provide speedy trial filed.

April 26, 1976—Hearing on motions of April 8 and April 22.

May 21, 1976—Motion to dismiss sustained for failure to comply with § 795.2.

V. In deciding 795.2 cases, we must do more than engage in a mathematical count of days. Each case has its own facts and circumstances to be considered under a delicate balancing process.

■ Our review is not a de novo one. We reverse only for an abuse of discretion. *State v. Goff*, 244 N.W.2d 579, 581 (Iowa 1976); *State v. Donnell*, 239 N.W.2d at 579.

■ Applying these principles, we hold the state has failed to demonstrate good cause for the prolonged delay. The trial court did not abuse its discretion in so ruling. The result must be an absolute discharge of the case. *State v. Goff*, 244 N.W.2d at 581; *State v. Hines*, 225 N.W.2d 156, 159 (Iowa 1975).

We have given careful attention to the state's claim there were several good-cause delays which occurred while this case was awaiting re-trial. One of these resulted from the State's petition for certiorari to review the trial court's new trial order, the other from defendant's motion for a transcript of the first trial and the right to examine certain physical evidence important to his defense. Neither singly nor jointly do they excuse the delay which occurred in the present case.

VI. *Certiorari Proceedings*

We held in *State v. Albertsen*, 228 N.W.2d 94, 98 (Iowa 1975), that the time required to process and dispose of the State's petition for certiorari furnished good cause for delay.

■ However, when the delay is said to result from other pending proceedings in the same or related cases, we require diligence from those seeking, on the one hand, to prove good cause or, on the other, from those claiming denial of a speedy trial.

In *State v. Goff*, 244 N.W.2d at 583, (denying the state's assertion of good cause), we held a forty-one-day delay by the trial court in ruling on a defense motion was unreasonable. In *State v. Donnell*, 239 N.W.2d at 579, (denying a defendant's claim he was denied a speedy trial), we took into account defendant's own delay of nineteen days before filing his motion to suppress evidence.

■ In the case now before us, the state waited twenty-nine of a possible thirty days before filing its petition for writ of certiorari on a matter it appears likely the state knew all along it intended to challenge. We take this circumstance into account in considering if the state has shown good cause.

■ The certiorari matter was decided adversely to the state on January 8, 1976, and procedendo issued on January 22. After some misunderstanding and confusion about whether a petition for rehearing had been filed, we considered and denied a rehearing on February 17. The trial court used this as the date upon which the certiorari proceedings terminated. For purposes of this appeal, we do likewise, although ordinarily the trigger date would be the day the procedendo issued.

From February 17 on, the state was obligated to go forward with trial plans within the mandate of § 795.2. As pointed out in Division VIII, it failed to do so. It took no action, and indeed it was *defendant* who took the initiative in bringing the case to a head by filing the motion which we now discuss.

VII. *Defendant's motion for transcript and discovery*

On April 8, 1976, defendant filed his motion for a transcript of his first trial and for the right to examine physical evidence it had used against him. He combined with it a motion for speedy trial. In our consideration we disregard the fact defendant first incorrectly filed this motion in the Supreme Court on March 31. It was withdrawn and properly filed in district court on April 8.

From February 17 (when rehearing on the certiorari application was denied) until April 8 (when defendant's motion was filed) the state remained totally indifferent to defendant's right to be tried. During this fifty-one-day period, the state took no steps to fix a trial date. It showed no interest in bringing about a disposition of the case.

 In allowing fifty-one days to go by after final disposition of the certiorari proceedings without even *asking* about trial dates, the state made it virtually impossible to try defendant within sixty days of February 17. Coupled with the state's maximum delay in seeking certiorari in the first place, this demonstrates the state's total failure to implement the public policy considerations of § 795.2, as we have said the state is obligated to do. *State v. Leonard*, 240 N.W.2d at 692; *State v. Jennings*, 195 N.W.2d 351, 356 (Iowa 1972).

The state argues the delay was attributable to defendant's motion for a transcript and for discovery, but this is simply not the case. When defendant's motion was filed, his right to a dismissal had already matured for the reasons we have just stated.

VIII. No matter which way the state turns, it is confronted by its own inattention and neglect. We have considered all the state's arguments, including the one that several witnesses from the first trial had become unavailable, but we are unable to find any substantial evidence of good cause in any of them.

The state relies on *State v. Butler*, 243 N.W.2d 232, but that case is not controlling. In *Butler*, the trial court had set a trial date within the sixty-day period. Trial was then postponed to permit compliance with defendant's request for two transcripts of prior trials. In granting the request, the court directed that trial should be within thirty days from the time transcripts were furnished. The total delay was forty-two days, less than the time necessary to complete the transcripts. We held the trial court had not abused its discretion in ruling there was good cause for the delay.

Here the state had already slept on its rights before defendant's request for a transcript was made. No trial date had either been set or requested. When the case was dismissed, 183 days had elapsed. Giving the state the benefit of every possible time extension, we still cannot say the trial court abused its discretion in holding defendant was entitled to a dismissal.

IX. We reverse the judgment of the Court of Appeals and reinstate the trial court order dismissing the charges against defendant.

JUDGMENT OF COURT OF APPEALS REVERSED AND DISTRICT COURT ORDER DISMISSING CASE REINSTATED.