Jewell Jess STONE, Petitioner-Appellee,

v.

Harold V. CARDWELL, former Warden, Arizona State Prison, and Robert Raines, present Warden, Arizona State Prison, Respondents-Appellants.

C. A. No. 79–2561.

United States Court of Appeals, Ninth Circuit.

May 30, 1980.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, (argued), Galen H. Wilkes, Asst. Attys. Gen., Phoenix, Ariz., for respondents-appellants.

Paul J. Prato, Phoenix, Ariz., for petitioner-appellee.

Before MERRILL and SNEED, Circuit Judges, and REED,* District Judge.

PER CURIAM.

By order dated February 14, 1980, this Court remanded this case to the United States District Court for the District of Arizona, with instructions to set forth the findings made by said District Court when it earlier (January 11, 1979) had ordered the Superior Court of the State of Arizona in and for the County of Maricopa, to permit petitioner Jewell Jess Stone to withdraw his guilty plea. Further, we asked the District Court to point out the portions of the State court records upon which its findings are based.

The District Court has complied with our order. After reviewing the State court records, United States District Judge Walter E. Craig found: (1) At the time petitioner Stone entered into an oral plea bargain agreement he believed that his confinement in prison would be for a term of three to five years, if probation was not granted; (2) petitioner Stone believed no aggravation hearing would be held; (3) he did not waive his presence at the aggravation hearing; and (4) the petitioner's plea of guilty was not knowingly and voluntarily made.

■ The portions of the State court records specified to us by Judge Craig contain testimony of the petitioner, his attorney and the petitioner's two brothers that support each of the findings. Those findings, including the one that the plea was not knowingly and voluntarily made, are not clearly erroneous.

28 U.S.C. § 2254(d) covers the situation where a state prisoner applies to a federal court for a writ of habeas corpus. Insofar as is pertinent to this case, it provides that after a state court has held a full and fair hearing on a factual issue, the federal courts are bound by the written determination of that issue by the state court unless it appears from the record of the state court proceedings that the factual determination of the state court is not fairly supported by the record. 28 U.S.C. § 2254(d)(8); *Teubert v. Gagnon*, 478 F.Supp. 474 (1979); see also *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Hill v. Nelson*, 466 F.2d 1346 (9th Cir. 1972).

■ The United States District Court must make its determination as to the sufficiency of the state findings (respecting the merits of the petitioner's claim) from its independent review of the record made in the state courts, or else grant a hearing and make its own findings on the merits. *Griff v. Rhay*, 455 F.2d 494 (9th Cir. 1972); *Turner v. Chavez*, 586 F.2d 111 (9th Cir. 1978). In the instant case the material facts were adequately developed during three days of hearing before the Arizona Superior Court. The reviewing United States District Judge had the full transcript of that hearing, as well as complete transcripts of the State court proceedings on the criminal complaint, the preliminary hearing, the change of plea, the aggravation hearing and the sentencing. Further, the presentence investigation report was available to Judge Craig during his review of the record of the State proceedings. Thus, there was no need for an additional hearing to be held by him. See *Anderson v. Pope*, 356 F.Supp. 321 (N.D.Cal.1973).

■ The finding of the United States District Judge as to the voluntariness of the guilty plea cannot be set aside unless clearly erroneous. *Knowles v. Gladden*, 378 F.2d 761 (9th Cir. 1967); *Albrecht v. Nelson*, 462

---

* The Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada, sitting by designation.

F.2d 623 (9th Cir. 1972); *Wellnitz v. Page,* 420 F.2d 935 (10th Cir. 1970).

In this case, as aforestated, the finding is that the petitioner's plea of guilty was not made knowingly and voluntarily. The plea, as a result, is ineffective. *Teubert v. Gagnon,* supra.

Therefore, the order dated January 11, 1979, whereby the United States District Court for the District of Arizona ordered the Superior Court of the State of Arizona in and for the County of Maricopa to permit petitioner Jewell Jess Stone to withdraw his guilty plea entered October 19, 1971, is affirmed.