**STATE of Iowa, Appellee,**

v.

**Kenneth R. PAULSEN, Appellant.**

No. 63061.

Supreme Court of Iowa.

June 18, 1980.

Rehearing Denied July 11, 1980.

Seymore M. Raben and Robert D. Lambert, of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Julie F. Pottorff, Asst. Atty. Gen., and William E. Davis, Scott County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, ALLBEE and LARSON, JJ.

ALLBEE, Justice.

Kenneth E. Paulsen, while sheriff of Scott County, was accused by county attorney's information and subsequently convicted of bribery by accepting reward for public duty in violation of section 739.10, The Code 1977. The accusation and conviction resulted from a scheme of illegal overcharging for automobile mileage expense in the serving of civil papers by his deputies. In this appeal, defendant challenges the applicability of section 739.10 to him in his capacity as sheriff, the change of venue granted on the State's motion, trial court's refusal to give certain requested jury instructions and trial court's refusal to direct a verdict in defendant's favor.

Defendant was appointed sheriff and took office about August 1, 1973. Shortly thereafter, he was informed by Captain Richard W. Moritz, the chief civil deputy, that it was the practice in that division to divide with the sheriff the fees collected for mileage charges made by deputies using their private cars to serve civil papers. Under Moritz's direction, when serving civil papers, Scott County deputies charged attorneys fixed rates established according to geographical zones, rather than the mileage rate set by statute. See §§ 79.9 and 337.-11(10), The Code 1977 (sheriffs entitled to collect fifteen cents for every mile driven by deputies in private vehicles to serve civil papers). This system of charging generated funds which exceeded those authorized

by law. Following the end of each month, the deputies who actually served the papers received half of the amount charged. From the remaining half, Moritz and another civil division officer were paid specific monthly stipends and the balance was remitted to defendant. Under the State's evidence it could be found that during his tenure as sheriff, defendant collected $50,760.49 under this scheme.

The charge in issue, while based on actions governed by the Code of 1977, was made on March 30, 1978, along with a charge of conspiracy, as defined in section 719.1, The Code 1977. Defendant was acquitted of the latter charge.

Additional facts will be related as necessary for the treatment of the issues raised by defendant. We now take up those issues.

I. *Applicability of section 739.10.* Since being charged, defendant has repeatedly asserted that the proscriptions of section 739.10 have no application to him; thus it is his stance that he could not be charged and convicted under that section. He bases that assertion on the language of section 739.10 which makes the section applicable to "any state, county, township, city, school, or other municipal officer, *not mentioned in this chapter, . . . .*" (Emphasis added.) Because section 739.9 specifically mentions sheriffs, defendant insists that section 739.10 does not apply to sheriffs. According to defendant, only section 739.9 can be applied to him for it alone establishes an offense for the receiving of a bribe by a sheriff.

We are unable to agree with defendant, however, for reasons articulated in *State v. Moritz,* 293 N.W.2d 235, 242 (Iowa 1980), filed today. That case is dispositive of this issue. Defendant's conduct falls within the scope of section 739.10.

II. *The change of venue.* The State moved for a change of venue on grounds that it could not receive a fair trial in Scott County owing to excitement and prejudice in that county. See § 778.4, The Code 1977 (State may petition for a change of place of

trial). On appeal, defendant ably presents an elaborate constitutional attack upon the change of venue granted by trial court on the State's motion. That attack centers upon his right, as guaranteed by the sixth amendment to the United States Constitution, to trial by a jury of the district wherein the crime was committed. He also claims error in that trial court moved the trial outside the state judicial district in which his alleged offense was committed, in contravention of section 778.10, The Code 1977. Finally, defendant contends that trial court abused its discretion in ordering a change of venue.

■ Defendant's constitutional attack must fail, however, because we are unable to find in the record that he raised any constitutional objection to a change of venue prior to or during trial. Trial court was thus not afforded an opportunity to consider any alleged constitutional basis for rejection of the State's motion. *See State v. Jewett*, 219 N.W.2d 559, 560 (Iowa 1974); *State v. Coffee*, 182 N.W.2d 390, 395 (Iowa 1970). Moreover, defendant's tardy contention in his motion in arrest of judgment that the "granting of a change of venue was unconstitutional both by way of the United States Constitution and the Iowa State Constitution," was not only untimely, *id.*, but lacked the requisite specificity for preservation of error. *See State v. Hendren*, 216 N.W.2d 302, 304–05 (Iowa 1974). Even constitutional issues may not be asserted on appeal when not timely, *State v. Coffee*, 182 N.W.2d at 395, and specifically raised in the district court, *State v. Washington*, 257 N.W.2d 890, 895–96 (Iowa 1977), *cert. denied*, 435 U.S. 1008, 98 S.Ct. 1881, 56 L.Ed.2d 390 (1978).

■ Nor did defendant assert any objection based on section 778.10 in the district court to the change of venue order. Having failed to do so there, he may not do so here. *State v. Butler*, 243 N.W.2d 232, 234 (Iowa 1976); *State v. Curtis*, 192 N.W.2d 758, 759–60 (Iowa 1971).

■ Defendant lastly claims that trial court abused its discretion in ordering the change of venue. *See* § 778.9, The Code 1977. In this case, our examination of that ruling is to be guided by standards that prevailed prior to the effective date of the new Iowa Criminal Code, January 1, 1978, as we find no request by defendant that the procedural provisions of the new code be applied. *State v. Cuevas*, 288 N.W.2d 525, 527 (Iowa 1980); §§ 801.5(1), (2)(b)(1), The Code 1979. We, accordingly, review the record de novo to determine whether trial court abused its discretion when granting the venue change.

■ In sum, trial court, in its determination, considered what it characterized as both a "deluge" and an "incessant bombardment" of pretrial media publicity sustained over a period of fourteen months covering the prosecution of defendant and several of his deputies, which trial court concluded created excitement and prejudice in Scott County. Noting that defendant, in his resistance to the State's motion, tacitly acknowledged the existence of a condition of excitement and prejudice, and citing *Fletcher v. District Court*, 213 Iowa 822, 834–36, 238 N.W. 290, 295–96 (1931), trial court declared that it was impelled to seek a remedy that would insure a fair and impartial trial for both parties. Trial court also was concerned that defendant would enjoy a position of advantage if tried in Scott County because his department had statutory responsibility for summoning the prospective trial jurors, §§ 609.31 and .41, The Code 1977, and the logistics of juror meals and lodging, if required, Iowa R.Civ.P. 202. *See Buback v. Wayne Circuit Judge*, 380 Mich. 235, 236–38, 156 N.W.2d 528, 529–30 (1968). Another factor considered in trial court's ruling was defendant's local popularity, as evidenced by his two-thirds majority vote victory in the previous sheriff's election. Trial court reasoned that the summoning of jurors essentially from the voter registration list would result in a high percentage of prospective jurors sympathetic to defendant, hence the likelihood of starting the State in a position "less than even" with defendant. Trial court concluded that the cumulative effect of all factors demanded "that the Court 'by the very

right of it' grant the State's" motion. *See* § 778.9. Our independent evaluation of the record discloses that trial court did not abuse its discretion. *See State v. Cuevas,* 288 N.W.2d at 527.

■ III. *Trial court refusal to give requested jury instructions.* In defense of his actions, defendant argues that he relied on the opinion of Scott County Attorney Edward N. Wehr, who told defendant "that there was nothing wrong with the system" of civil deputies' sharing their mileage fees with defendant. He contends that, on the basis of this advice, trial court erred in its jury instructions in two respects. First, it erred, according to defendant, when refusing to instruct the jury that defendant was entitled to rely upon the county attorney's opinion without subjecting himself to criminal liability. Thus defendant raises a mistake of law defense, and he cites authorities where some recognition has been given the principle. *See, e. g., United States v. Barker,* 546 F.2d 940, 954–57 (D.C. Cir. 1976) (Merhige, J., separate opinion); *State v. Davis,* 63 Wis.2d 75, 216 N.W.2d 31 (1974).

The problem here, however, is that the county attorney was not provided a sufficient predicate for his legal conclusion. Defendant only asked Wehr if it was legal for his deputies to share their mileage fees with him. In response, it was Wehr's opinion that absent coercion or duress "[t]here was nothing to prohibit the deputies, if they want to, from sharing their expense money with the sheriff . . . ." Omitted, according to Wehr, from the underlying information given him, were the facts that the mileage charges made were based on fixed rates for geographical zones and that those fixed rates exceeded the mileage rate allowed by law. Without deciding whether defendant has raised a cognizable defense, he, in any event under these facts, could not avail himself of a defense of good faith reliance on the advice of the county attorney because of his failure to provide all of the operative facts essential to the formation of an authoritative legal opinion.

■ The second respect in which defendant contends that trial court erred in its instructions is in failing to inform the jury that there was no illegality in defendant's retention of money generated by his deputies' mileage fees. Defendant, in this connection, relies on section 337.14, The Code 1977, which provides that "amounts allowed by law for mileage may be retained" by a sheriff in addition to his salary. We dispose of this contention simply by recognizing that the controlling condition of section 337.14 is that the mileage fees that may be retained are those "allowed by law," which was demonstrated not to be the case here.

Trial court did not err in refusing to give the requested instructions to which defendant on appeal has directed our attention.

■ IV. *Trial court refusal to direct a verdict for defendant.* Defendant's final claim of error is that trial court should have directed a verdict in defendant's favor because the evidence was insufficient for the jury to find that defendant had any knowledge of the actual operation of his department's civil division or of the illegality of the mileage charges. We find no merit in this claim.

Upon review of all the evidence, and on viewing that evidence in the light most favorable to the State, we are satisfied that the record contains substantial evidence to support the guilty verdict; thus the jury as a rational fact finder could find that defendant was guilty as charged. *See State v. Robinson,* 288 N.W.2d 337 (Iowa 1980). From the evidence, the jury could conclude that for nearly four years defendant was a party to and substantial beneficiary of the mileage fee charging scheme documented by the evidence. The scheme was contrary to law, as was defendant's participation in it.

AFFIRMED.