908 F.2d 968
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angela ANUNUSO, Defendant-Appellant.
 No. 89-5817.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 29, 1990.
Decided: June 25, 1990.
Rehearing and Rehearing In Banc Denied Oct. 29, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-87-463-HM).
 William Scott Little, Stark & Little, Baltimore, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, Martin S. Himeles, Jr., Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Angela Anunuso, a citizen of Nigeria, pled guilty to conspiracy to import heroin into the United States. 21 U.S.C. Sec. 963. On appeal, she contends that her guilty plea was not entered knowingly and voluntarily because she was unfamiliar with the English language and with the American judicial system and thus did not fully understand the charges against her or the consequences of her guilty plea.
 
 
 2
 This argument is totally unsupported by the record. Appellant does not suggest that the district court failed in any way to comply with the requirements of Fed.R.Crim.P. 11, which states the conditions under which a district court can accept a guilty plea. Moreover, appellant concedes that the district court judge questioned her numerous times during her arraignment to ensure that she understood the charges against her and the consequences of her plea. The judge reviewed each of her rights in detail, and stated that she should inform him if she did not understand anything he said. The judge also inquired into the nature and extent of her five-hour discussion with counsel. Finally, the record does not support appellant's claim of linguistic difficulty. To the contrary, she stated at her arraignment that she was educated in English in Nigeria, and that she could read and write the language. The transcript of the arraignment reveals that she spoke and understood English well.
 
 
 3
 We conclude that the district court's finding that appellant's guilty plea was knowing and voluntary was not clearly erroneous, Stone v. Cardwell, 620 F.2d 212, 213 (9th Cir.1980), and we affirm its judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 AFFIRMED